299 P.2d 464

**NEW MEXICO STATE BOARD OF PUBLIC ACCOUNTANCY, Appellant,**

**v.**

**Joseph B. GRANT, as State Treasurer, and J. D. Hannah, as State Auditor, of the State of New Mexico, Appellees.**

No. 6042.

Supreme Court of New Mexico.

July 19, 1956.

Paul E. Keefe, Albuquerque, for appellant.

Richard H. Robinson, Atty. Gen., Fred M. Standley, Asst. Atty. Gen., W. R. Kegel, Asst. Atty. Gen., for appellees.

SADLER, Justice.

The plaintiff below, who is appellant in this Court, presents for review on appeal a judgment of the district court of Santa Fe County denying a permanent injunction against the defendants, Joseph B. Grant, as State Treasurer and J. D. Hannah, as State Auditor, restraining them from transferring on their books to the credit of the general fund in the state treasury the balance remaining on hand to the credit of the plaintiff on said books at the close of the 1954–1955 fiscal year.

The plaintiff is known as the New Mexico State Board of Public Accountancy created and functioning under the authority of L. 1947, c. 115, 1953 Comp. §§ 67–23–1 to 67–23–29. The trial court found that all funds collected by plaintiff under authority of the act are public funds which had to be and had been deposited with the State Treasurer. The balance to the board's credit at end of the 1954–1955 fiscal year was $1,800.-96, which amount under express mandate of the 1953 General Appropriations Act the defendants were about to transfer to the general fund on their books and unless restrained, as plaintiff's complaint alleged and the proof established, the defendants would make the transfer indicated as called upon by the governing act to do.

It appeared in the proof that of the funds standing to the credit of plaintiff on the books of the defendants at the end of the 1954–1955 fiscal year, $740 had been contributed by individual accountants to assist in the operations of plaintiff's board for the current year. As and when received these contributions were deposited with the State Treasurer and became commingled with all other funds standing to credit of the board on the books of defendants.

Additional findings were that the plaintiff board submitted a requested budget to the

1955 session of the legislature and was granted an appropriation in the exact amount requested; that plaintiff board had failed to show that the appropriation so made is so small in amount as will hinder its operations or impair the functions and duties granted and imposed by the act under which it operates.

The court concluded that the plaintiff board depended upon biennial appropriations of the legislature for its operation and enjoyed no continuing appropriation of funds collected, as in State ex rel. Prater v. State Board of Finance, infra, by it for the payment of its expenses. The court further concluded that the fees collected by the plaintiff board under authority of its enabling act, L. 1947, c. 115, 1953 Comp. § 67–23–1 et seq., are not "miscellaneous revenues" within the purview of L.1953, c. 156, § 9, of General Appropriations Act for that session of the legislature. And, finally, the court concluded the General Appropriations Act just mentioned was not constitutionally bad upon any of the grounds urged in Section 5 thereof because it required the reverter to the general fund of balances remaining to the credit of any of enumerated boards, except two named, at the end of the fiscal year.

Counsel for the plaintiff board places his greatest reliance in seeking a reversal of this judgment upon the California case of Daugherty v. Riley, 1 Cal.2d 298, 34 P.2d 1005. We did not permit this case to go unnoticed in our recent decision in the case of State ex rel. Prater v. State Board of Finance, 59 N.M. 121, 279 P.2d 1042, 1046. We were there dealing with the same General Appropriations Act for the 1953 session of the legislature with which we are here concerned, with a difference to be noted. In the Prater case, we considered the same section of the Act mentioned in its effect on the State Board of Barber Examiner's Act seeking to compel the State Board of Finance by mandamus to grant it a supplemental budget that would render available to it the amount remaining to its credit at the end of the current fiscal year. In our opinion in the Prater case, we noticed the California case of Daugherty v. Riley, supra, by citing it to support the following statement in our opinion:

"There can be no question that but for the restraining influence of Const. Art. 4, § 16, or like provisions in the Constitution or laws of sister states, the appropriation on which administrative boards such as the Barbers' Board depend for existence and operation could be so reduced in a general appropriations bill as to put it out of business as effectively as if repealed. If it has this effect, it violates this constitutional proviso. See Daugherty v. Riley, 1 Cal.2d 298, 34 P.2d 1005."

But neither in the Prater case nor here was there any such calamity impending as threatened in Daugherty v. Riley, supra. Here the trial court actually found on substantial evidence that plaintiff board had failed to show that the appropriation made in covering its requested budget for the current biennium would not suffice to meet its requirements, and thus permit it to function without hindrance to, and impairment of, any of its duties. Furthermore, and as pointed out in the opinion in the Prater case, if in submitting their budget, the plaintiff board under-estimated the cost of administration, a way out was suggested. We said:

"* * * It may have under-estimated the costs of administration of the board for the biennium in setting them at the figure it did and the evidence is pretty strong that it did. If so, the only relief for the remainder of the biennium would be a deficiency appropriation, a matter to be taken up with the legislature. It is not within our province to grant relief."

Indeed, a careful study of the grounds of challenge here interposed to the legislation challenged is so convincing that our decision in State ex rel. Prater v. State Board of Finance, supra, completely answers the contentions made in the case at bar that we feel satisfied to rest an affirmance on it, except to mention two matters which perhaps should be noticed. It thus is not at all strange the plaintiff board should seize upon and endeavor to bring itself within the only loophole left open to it in our reference in the Prater case to the California case of Daugherty v. Riley. This it fails to do as we have just shown and for the reason stated.

We now notice the claim of counsel for the plaintiff board that, even though we sustain validity of the challenged section of the General Appropriations Act for 1953, viz., section 5 thereof, we may not apply the mandate therein found to so much of the balance on hand to credit of the board as represents voluntary contributions by its member accountants to enable the board to carry on its operations for the current year. This amount it is said aggregates the sum of $740. It is not questioned that these voluntary contributions were deposited in the state treasury and became commingled with other funds standing to the credit of the board.

Counsel point out no language in the act creating it, nor in the General Appropriations Act, conferring upon the board authority to solicit members of its profession to make these contributions. Be that as it may, and even granting the propriety of so doing, once they deposited them in the state treasury, where they became com-

mingled with other funds of the board, they could only be withdrawn in a single manner, that is through appropriations made by the legislature upon warrants drawn by the proper officer. See, Const. Art. IV, § 30; McAdoo Petroleum Corp. v. Pankey, 35 N.M. 246, 294 P. 322.

It is also argued that to permit what is here attempted amounts to double taxation and violates Const. Art. VIII, § 1, requiring equality and uniformity of taxation upon subjects of taxation of the same class. We fail to see wherein there is any double taxation, however viewed. Even if it were otherwise, there exists no constitutional inhibition against double taxation. State ex rel. Attorney General v. Tittmann, 42 N.M. 76, 75 P.2d 701; Amarillo-Pecos Valley Truck Lines, Inc., v. Gallegos, 44 N.M. 120, 99 P.2d 447; Fowler v. Corlett, 56 N.M. 430, 244 P.2d 1122.

There is no point to continuing further our consideration of this case. Any issues or contentions not expressly resolved either have been fully determined against the plaintiff board in State ex rel. Prater v. State Board of Finance, supra, or are found not to merit special treatment. The judgment of the trial court is correct and should be affirmed.

It is so ordered.

COMPTON, C. J., and LUJAN, McGHEE and KIKER, JJ., concur.