390 P.2d 661

The **DIKEWOOD CORPORATION**, a New Mexico Corporation, Plaintiff-Appellant,

v.

**BUREAU OF REVENUE** of the State of New Mexico, F. A. Vigil, Commissioner of Revenue, George Case, Director, School Tax Division, Bureau of Revenue, and their attorney, John W. Chapman, Chief Counsel, Bureau of Revenue, Santa Fe, New Mexico, Defendants-Appellees.

No. 7349.

Supreme Court of New Mexico.

March 23, 1964.

Whitehouse & Zucht, Albuquerque, for appellant.

Earl E. Hartley, Atty. Gen., Adolf J. Krehbiel, Norman S. Thayer, Joel M. Carson, Asst. Attys. Gen., Santa Fe, for appellees.

CHAVEZ, Justice.

This is an appeal from a judgment dismissing appellant's claim for refund of taxes paid under protest.

On March 3, 1961, appellant The Dike-wood Corporation, a New Mexico corporation doing business in New Mexico, filed a complaint in which it alleged that it is engaged in the business of supplying scientific consulting services to the government of the United States, its instrumentalities and agencies, and does not make sales of tangible personal property; that it rendered certain scientific services to the United States government under a cost-plus contract for which it received payment for said services. It was further alleged that appellant also received from the United States government other sums to cover an alleged sales tax liability owed to the state of New Mexico, under §§ 72–16–1 et seq., N.M.S.A., 1953 Comp., as amended by the Laws of 1957 and 1959, which sums appellant paid under protest, claiming that the tax was unconstitutional on the grounds that the tax was a tax upon the United States; that the tax discriminates against the United States and those doing business with the United States; that the tax was an unconstitutional burden upon interstate commerce; and that the tax, by exempting those who sold tangible personal property but not those who rendered services to the United States, was a violation of the equal protection clause of the Fourteenth Amendment of the Constitution of the United States and Art. II, § 18, of the Constitution of the state of New Mexico.

In answer, appellee-Bureau of Revenue of the State of New Mexico denied the

unconstitutionality of the statute in question on the grounds alleged by appellant.

On December 27, 1961, the parties stipulated that appellant, a New Mexico corporation, had followed the correct procedure for protesting the taxes; enumerated a list of the transactions with the United States government upon which the taxes were paid and agreed to the amount paid under protest; and that other causes filed by the parties were to be governed by the decision in this case. The stipulations pertinent to the issue are:

"8. That all of the transactions and contracts between the Plaintiff and the various government agencies mentioned above were transactions and contracts strictly for 'personal services' and constituted 'sales of services' to the various United States Government department, agencies and instrumentalities above involved.

"9. That these consolidated cases are governed by and subject to the decision and judgment of the Court in Bradbury & Stamm Construction Co., Inc., Martin and Luther General Contractors, Inc., et al. Plaintiffs, vs. Bureau of Revenue of the State of New Mexico, and F. A. Vigil, Commissioner of Revenue, and George M. Case, Director, School Tax Division, Bureau of Revenue, Defendants, in cause No. 30743 of the First Judicial District Court for the County of Santa Fe, State of New Mexico, in which decision and judgment the Court cited as a matter of law that Section 72–16–5, N.M.S.A., 1953, as amended by Section 1 of Chapter 187, Laws of 1957, and by Section 1 of Chapter 78, Laws of 1959, is unconstitutional and void by reason of discrimination against those dealing with and performing services for the Federal government or the United States of America, its instrumentalities and agencies."

Thereafter, on December 27, 1961, in a partial judgment, the district court held that § 72–16–5, N.M.S.A., 1953 Comp., as amended by the Laws of 1957 and 1959, was unconstitutional, and ordered that all sums paid under protest for periods prior to April 1, 1961, be refunded to appellant. In 1961, § 72–16–5(B), N.M.S.A., 1953 Comp., was again amended, the effective date being March 31, 1961, and a second partial judgment was entered on July 19, 1962, awarding appellant additional amounts of interest.

On October 22, 1962, the district court made the following pertinent findings of fact:

"1. The taxes paid under protest by plaintiff after April 1, 1961, were based upon gross receipts of plaintiff derived from services rendered by plaintiff to the United States of America, its departments and agencies, and not upon gross receipts from sales of tangible personal property.

"3. The classification made by the legislature in Section 1 of Chapter 195 of the Laws of 1961, being 72–16–5, 1953 N.M.S.A., as amended, is a reasonable and proper classification and is not arbitrary or capricious."

The court then concluded as a matter of law that it had jurisdiction of the parties and the subject matter; that the gross receipts which were the basis for the taxes paid under protest after April 1, 1961, were not exempt under § 72–16–5, supra, as amended; that the exemption is constitutional; and that the plaintiff's claim should be denied and dismissed. On October 22, 1962, a final judgment was entered ordering appellant's claim dismissed.

On appeal, appellant contends that:

"The Emergency School Tax Act of the State of New Mexico (See 72–16–1 et seq., N.M.S.A., 1953 Comp.) as applied to this appellant is unconstitutional under the Fourteenth Amendment of the Constitution of the United States and under Section 18, Article II, of the Constitution of the State of New Mexico."

We note that appellant does not here contend that this is a tax upon the United States government, (that question having been resolved in Bradbury & Stamm Construction Co., Inc. v. Bureau of Revenue, 70 N.M. 226, 372 P.2d 808), but instead confines his attack upon § 72–16–5, supra, as amended by § 1, Ch. 195, Laws 1961, on the ground that, as applied to him, it is a violation of the equal protection clause of the Fourteenth Amendment of the Constitution of the United States and the equal protection clause of the New Mexico Constitution. The equal protection clauses of the two constitutions are so similar that, under the facts of this case, a violation of one would be a violation of the other.

Section 72–16–5, N.M.S.A., 1953 Comp., as amended by § 1, Ch. 195, Laws 1961, provides:

"None of the taxes levied by the Emergency School Tax Act, as amended [72–16–1 to 72–16–47], shall be construed to apply to:

"A. Sales of tangible personal property, other than metalliferous mineral ores, whether refined or unrefined, made to the government of the United States, its departments or agencies;

"B. Sales of tangible personal property, other than metalliferous mineral

ores, whether refined or unrefined, made to the state of New Mexico or any of its political subdivisions;

"C. Sales of tangible personal property, other than metalliferous mineral ores, whether refined or unrefined, made to nonprofit hospitals, religious or charitable organizations in the conduct of their regular hospital, religious or charitable functions.

"D. The gross receipts from any lump sum or unit price contract for a particular project entered into prior to the effective date of this act, if the contract would not by its terms allow the contractor to increase his price to cover any additional privilege tax which were to be levied against him."

Appellant contends that, since the above section exempts those who sell personal tangible property to the government but does not exempt him as the vendor of services, it is a violation of his constitutional rights.

In observing the Emergency School Tax Act as a whole, we note that, while the act may be properly called a "sales tax," the legislature and this court have properly called it a "privilege tax." Section 72–16–4.1, N.M.S.A., 1953 Comp.; State ex rel. Attorney General v. Tittmann, 42 N.M. 76, 75 P.2d 701.

The legislature has also created a number of classifications in this Act, impos-

ing a privilege tax upon the following (N. M.S.A., 1953 Comp.):

§ 72–16–4.2    Those engaged in the business of mining, quarrying or extracting natural resources;

§ 72–16–4.3    Manufacturers;

§ 72–16–4.4    Wholesalers;

§ 72–16–4.5    Retailers;

§ 72–16–4.6    Those engaged in the electric, gas and water, transmission and transportation business;

§ 72–16–4.7    Contractors;

§ 72–16–4.8    Amusement enterprises;

§ 72–16–4.9    Professional services;

§ 72–16–4.10    Business services;

§ 72–16–4.11    Real estate agents;

§ 72–16–4.12    Factors, agents and brokers.

Appellant is taxed under the authority of § 72–16–4.9, supra, which provides:

"The tax shall be computed at an amount equal to two per cent [2%] [Ch. 325, § 7, Laws 1963, increased the rate of tax from 2% to 3%] of the gross receipts of any person engaging or continuing in the practice of any profession, or of any business in which the service rendered is of a professional, technical or scientific nature and is paid for on a fee basis, or by a consideration in the nature of a retainer."

Appellant does not attack the constitutionality of this section of the statute as being an unreasonable classification, Lougee v.

# 80

New Mexico Bureau of Revenue Commissioner, 42 N.M. 115, 76 P.2d 6, but argues that the statute covers a broad, general class, i. e., the class of vendors. See Edmunds v. Bureau of Revenue, 64 N.M. 454, 330 P.2d 131. We find in the Emergency School Tax Act an intent of the legislature to tax the privilege of conducting certain businesses as provided in §§ 72–16–4.1 to 72–16–4.13, supra; State ex rel. Attorney General v. Tittmann, 42 N.M. 76, 75 P.2d 701, and an intent, as expressed in § 72–16–5, supra, as amended, to exempt certain transactions. If we accept appellant's construction of the statute, we would have to conclude that since the tax is on "vendors," exemption of any sales from the burden of the tax requires exemption of all sales; otherwise the statute is fatally defective. We find such a construction of the Emergency School Tax Act to be untenable and clearly unwarranted. Neither is such a conclusion supported by Edmunds v. Bureau of Revenue, supra.

▉ The statute (§ 72–16–4.1 et seq., supra) provides for a tax against persons engaged in certain businesses and professions, under various classifications and at different rates, but as said in Carmichael v. Southern Coal & Coke Co., 301 U.S. 495, 57 S.Ct. 868, 81 L.Ed. 1245, and cited with approval in Lougee v. New Mexico Bureau of Revenue Commissioner, supra:

"* * * This Court has repeatedly held that inequalities which result from a singling out of one particular class for taxation or exemption, infringe no constitutional limitation. * * *"

The judgment of the district court is affirmed. It is so ordered.

COMPTON, C. J., and CARMODY, NOBLE and MOISE, JJ., concur.