(No. 44176.—)

MARTIN SPAGAT *et al.*, Appellees, v. GEORGE MAHIN, Director of Revenue, *et al.*, Appellants.

*Opinion filed November 30, 1971.—Rehearing denied Jan. 27, 1972.*

WILLIAM J. SCOTT, Attorney General, and JOSEPH O. RUBINELLI, Special Assistant Attorney General, both of Chicago, (FRANCIS T. CROWE and CALVIN C. CAMPBELL, Assistant Attorneys General, of counsel,) for appellants.

EDWARD A. BERMAN and SCHLIFKIN & BERMAN, both of Chicago, for appellees Martin Spagat *et al.*

BENJAMIN CRANE and CRANE AND KRAVETS, both of Chicago, for appellees Polk Bros., Inc. *et al.*

MR. CHIEF JUSTICE UNDERWOOD delivered the opinion of the court:

Plaintiff Spagat purchased wall-to-wall carpeting from plaintiff Polk Bros., Inc. at a price of $607.65 and was charged an additional $30.38 as tax pursuant to the Use Tax Act (Ill.Rev.Stat. 1967, ch. 120, pars. 439.2 *et seq.*) A charge of $120.33 for installation was not subjected to any tax.

Plaintiffs, each suing individually and on behalf of all

persons similarly situated, sought a declaratory judgment that the sale of wall-to-wall carpeting does not constitute a sale at retail and is therefore properly taxable under the Service Use Tax Act (Ill.Rev.Stat. 1967, ch. 120, pars. 439.31 *et seq.*) rather than the Use Tax Act. The Retailers' Occupation Tax Act and the Use Tax Act are gross receipt taxes while the tax under the Service Occupation Tax Act and Service Use Tax Act is measured by the cost of goods to the "serviceman" or 50% of gross receipts if specific proof of cost is not supplied. Plaintiffs also allege that the imposition of a tax on the transaction in question as a sale at retail is a violation of both State and Federal guarantees of due process and equal protection.

The trial court held that Polk Bros., Inc. was a "serviceman" as to the transfer of wall-to-wall carpeting and thus subject only to the Service Occupation Tax Act. In accord, Spagat was held to be liable only under the Service Use Tax Act. Having reached this conclusion, the trial court did not find it necessary to rule on the constitutional questions presented.

The sole issue presented is whether the sale of wall-to-wall carpeting is a sale at retail of tangible personal property to which the service rendered is incidental, or a sale of service to which the transfer of tangible personal property is incidental. Plaintiffs and the trial court rely heavily on *Oscar L. Paris Co. v. Lyons, 8 Ill.2d 590,* in which this court concluded that since the sale of wall-to-wall carpeting was an occupation closely analogous to several occupations specifically exempted from the Illinois retailers' occupation tax by Departmental rules of long standing, the lower court determination that plaintiffs were engaged primarily in a service, not a selling, occupation should be affirmed. Defendants argue, however, that due to subsequent legislative and departmental enactments, *Paris* is no longer dispositive.

In 1961, section 1 of the Retailers' Occupation Tax Act (Ill.Rev.Stat. 1961, ch. 120, par. 440) and section 2 of

the complementary Use Tax Act (Ill.Rev.Stat. 1961, ch. 120, par. 439.2) were identically amended to broaden the tax base by providing in part:

"A person who holds himself out as being engaged (or who habitually engages) in selling tangible personal property at retail shall be deemed to be a person engaged in the business of selling tangible personal property at retail hereunder with respect to such sales (and not primarily in a service occupation) notwithstanding the fact that such person designs and produces such tangible personal property on special order for the purchaser and in such a way as to render the property of value only to such purchaser, if such tangible personal property so produced on special order serves substantially the same function as stock or standard items of tangible personal property that are sold at retail." Laws of 1961, p. 1742.

The Service Occupation Tax Act and the Service Use Tax Act were adopted at that same session and became effective on August 1, 1961, together with the Retailers' Occupation Tax and Use Tax amendments. Immediately thereafter, the Department of Revenue promulgated new rules, including Rule 20 which provides:

"1. WHEN LIABLE FOR TAX

Persons who engage in the business of selling portieres, drapes, curtains, marquee curtains, slip covers, floor covering, tents, tarpaulins and other similar items incur retailers' occupation tax liability when selling such items (with or without installation by the seller) to purchasers for use or consumption and not for resale whether such items are sold as stock or standard items or whether the seller produces such items on special order for the purchaser.

The same is true when custom-made Venetian blinds, window shades, awnings, screen doors, window screens, storm doors and storm windows are sold at retail "over-the-counter"

without installation by the seller as a construction contractor under paragraph 3 of Rule No. 6 of the retailers' occupation tax Rules and Regulations. This is true because such items, when produced on special order, serve substantially the same function as stock or standard items of tangible personal property which is sold at retail.

2. LABOR CHARGES

In computing retailers' occupation tax liability on the retail sale of custom-made items, no deduction may be taken for the cost of labor involved in producing the finished item for sale. This is true whether such production labor is included in a lump sum price with the tangible personal property or whether such production labor is priced separately from the tangible personal property. The thing that is being sold is the finished item (drapes, carpeting, etc.), and the cost of labor involved in making such item is no more deductible than is the cost of labor that is involved in producing a stock or standard item for sale.

However, receipts from installation charges are deductible from total receipts in computing retailers' occupation tax liability if such charges are contracted for by the seller and the purchaser separately from the selling price of the finished tangible personal property, but even receipts from installation charges are taxable if the installation charge is included in a lump sum price with the tangible personal property (see paragraph 4, g, of Article 3 of the retailers' occupation tax Rules and Regulations)."

Defendants contend that the 1961 amendments were adopted to eradicate the impact of the *Paris* case and note that new Rule 20 includes, as retail occupations, those

occupations previously exempted by its predecessor and which were found to be analogous to the sale of wall-to-wall carpeting in *Paris.* As further indication of legislative intent, defendants cite the following recitals and preamble to the 1961 amendment to the Retailers' Occupation Tax Act:

"An Act to amend Section 1 of the 'Retailers' Occupation Tax Act,' approved June 28, 1933, as amended, for the purpose of indicating the General Assembly's intention that special order producers whose products, when sold to users, serve substantially the same function as stock or standard items shall be deemed to be engaged in the business of selling tangible personal property at retail within the meaning of said Act.

"WHEREAS, certain items of tangible personal property are sometimes produced and sold at retail as stock or standard items and sometimes are custom-made (produced on special order) to meet the particular requirements of the purchaser so as to be of value only to such purchaser, and

"WHEREAS, such specially made items are competitive to and serve the same function as items of a stock or standard nature, but have not heretofore been considered by the Courts to be subject to the same tax as the stock or standard items, and

"WHEREAS, the General Assembly intends that there shall not be discrimination in the application of this Act between retail sellers of stock or standard items of tangible personal property and retail sellers of custom-made items of tangible personal property where both kinds of tangible personal property serve substantially the same function and thus involve an element of competition ***." Laws of 1961, p. 1740.

Plaintiffs contend, and the trial court held, that the 1961 amendments do not apply to the sale of wall-to-wall carpeting because (1) they are directed at those persons who manufacture or fabricate the tangible personal prop-

erty itself and (2) there is no competition between wall-to-wall carpeting and standard or stock carpets sold at retail. Plaintiffs urge that the amendments were intended to apply only in the situation where the purchaser has a choice between an "over the counter" item and the same item produced on special order, and chooses the specially produced item to avoid retail tax. We do not agree.

Wall-to-wall carpeting and carpeting purchased over the counter from a retailer do serve "substantially the same function", *i.e.,* a floor covering, even though the stock carpeting does not conform to the exact configuration of the floor area to be covered. The purchaser's initial decision is whether or not to carpet "wall-to-wall" and the fact that once he chooses to do so stock carpeting will not ordinarily suffice, is not controlling. Nor do we agree that the applicability of the amendments is properly limited to those persons who actually manufacture or fabricate tangible personal property on special order. Wall-to-wall carpeting is "produced on special order," as that phrase is most reasonably interpreted, when existing carpeting is selected, measured, cut, sewn, stretched and installed to the exact specifications of the purchaser. Accordingly, we find the 1961 amendments were intended to apply to the sale of wall-to-wall carpeting.

Plaintiffs contend that if the amendments do apply to the sale of wall-to-wall carpeting, they constitute an unconstitutional attempt to bring essentially service occupations within the Retailers' Occupation Tax Act and Use Tax Act. *(Central Television Service, Inc. v. Isaacs, 27 Ill.2d 420.)* Plaintiffs reason that since the sale of wall-to-wall carpeting was determined to be a service occupation in *Paris,* it is clearly unconstitutional to tax such transactions as sales at retail. A close reasing of *Paris* reveals, however, that the court did not specifically find the sale of wall-to-wall carpeting to be a service occupation, but rather that it was sufficiently analogous to other occupations exempted from the Retailers' Occupation Tax

Act by Departmental rule that it should be similarly exempted. The court in *Paris* stated, "We are of the opinion that there is no basic difference between custom tailored carpets and custom made draperies, curtains, slip covers, *etc.*" *(Paris at p. 597.)* As noted above, new Rule 20 includes the sale of these previously exempted custom-made items, as well as floor coverings sold on special order, as sales incurring retailers' occupation tax liability. Consequently, the underlying basis of the *Paris* decision has been substantially removed and we are compelled to reexamine the nature of the transaction in question.

We have frequently stated the applicable standard as follows: "If the article sold has no value to the purchaser except as a result of services rendered by the vendor and the transfer of the article to the purchaser is an actual and necessary part of the service rendered, then the vendor is engaged in the business of rendering service and not in the business of selling at retail. If the article sold is the substance of the transaction and the service rendered is merely incidental to and an inseparable part of the transfer to the purchaser of the article sold, then the vendor is engaged in the business of selling at retail." *Velten & Pulver, Inc. v. Department of Revenue, 29 Ill.2d 524, 529; Dow Chemical Co. v. Department of Revenue, 26 Ill.2d 283, 285; Kellogg Switchboard & Supply Corp. v. Department of Revenue, 14 Ill.2d 434, 437.*

Applying this standard to the sale of wall-to-wall carpeting, it seems clear that it is the carpeting which is the substance of the transaction, and the services involved in laying the carpeting wall-to-wall, no matter how skillfully performed, are "merely incidental to and an inseparable part of the transfer."

Accordingly, the judgment of the circuit court of Cook County is reversed.

*Judgment reversed.*