507 P.2d 1078

**HOUSE OF CARPETS, INC., a New Mexico corporation, Appellant,**

v.

**BUREAU OF REVENUE, State of New Mexico, and Fred L. O'Cheskey, Commissioner of Revenue, Appellees.**

No. 993.

Court of Appeals of New Mexico.

Feb. 23, 1973.

Stuart Hines, Albuquerque, for appellant.

David L. Norvell, Atty. Gen., Susan P. Graber, Asst. Atty. Gen., Bureau of Revenue, Santa Fe, for appellees.

## OPINION

LOPEZ, Judge.

House of Carpets, Incorporated, appeals from a decision and order of the Commissioner of Revenue pursuant to § 72-13-39, N.M.S.A.1953 (Repl.Vol. 10, pt. 2, Supp. 1971).

The Bureau of Revenue conducted two audits on the books and records of taxpayer for the period January 1, 1964 to September 30, 1967. On the basis of these audits, the Bureau issued two assessments of emergency school, gross receipts, and municipal taxes, plus penalty and interest taxes against taxpayer for failure to include in its reported gross receipts, amounts received for installation of carpet. Taxpayer had included in its gross receipts for this period only amounts received for carpet and pad. Taxpayer protested pursuant to § 72-13-38, N.M.S.A.1953 (Repl.Vol. 10, pt. 2, Supp.1969).

Following an informal conference with taxpayer, the Commissioner ordered a partial abatement of the assessed taxes, with related interest and penalty. The taxpayer and the Commissioner then entered into a "Stipulation of Facts" regarding the remaining assessments. Thereafter, the Commissioner denied all further relief requested by taxpayer in its protest.

Taxpayer contends that having to pay gross receipts tax on amounts it received for installation of carpet constitutes (a) double taxation upon same subject matter, and (b) that the imposition of the gross receipts tax under the circumstances violates N.M.Const. Art. 8, § 1.

House of Carpets is a New Mexico corporation engaged in the business of selling carpet. When a customer enters taxpayer's store seeking information about carpet, he is quoted a standard price for the total charge for installed carpet. Billings by the taxpayer to the customer reflect the total amount charged for carpet, pad, and installation, along with an amount indicated as "sales tax" on the entire price.

Installation is physically accomplished by House of Carpets Service, (hereinafter Service, Inc.) a New Mexico corporation engaged in the business of installing, cleaning, repairing, and maintaining carpet and padding for anyone requesting such services; however, its major customer is taxpayer.

Taxpayer and Service, Inc., are separate corporate entities, with separate tax registration numbers and are not subsidiaries of each other or of any third corporation. Service, Inc., bills taxpayer for installing carpet. Taxpayer, in turn, bills the ultimate customer for the purchase of installed carpet and pad. Taxpayer paid Service, Inc., for installing carpet; and, in turn, the buyer of the carpet-pad-installation package paid taxpayer for the goods plus the service of having them installed for use. Service, Inc., does not bill or re-

ceive payment from taxpayer's customers. Service, Inc., paid gross receipts tax on amounts received for installation of carpet.

■ Taxpayer raises the theories of agency and trusteeship in his appeal. These theories are not subject to review. A party will not be permitted to change his theory of the case on appeal. A claimant ". . . may appeal to the court of appeals for further relief, but only to the same extent and upon the same theory as was asserted . . . before the commissioner or his delegate. . . ." Section 72–13–39, supra.

*Taxpayer's installation receipts are subject to gross receipts tax.*

Receipts derived from sales by taxpayer of carpet installation services performed on or after January, 1964 and before July 1, 1967, were assessed in accordance with the old law—§ 72–16–2, N.M.S.A.1953 (Repl. Vol. 10, pt. 2, Supp.1965) of the Emergency School Tax Act, which was a privilege tax on businesses then in force. This statute remained in effect until July 1, 1967. Section 72–16–2, subd. D, supra, defines "gross receipts" as:

". . . the total sum, . . . received as compensation for personal and professional services, for the exercise of which a privilege tax is imposed by the Emergency School Tax Act, . . . the total receipts of a taxpayer derived from trades, business, commerce, and the gross proceeds of sales as hereinafter defined, . . ."

Section 72–16–2, subd. E, supra, defines "gross proceeds of sales" as:

". . . the sum or value proceeding or accruing from the sale of tangible personal property, . . . and including any services that are a part of such sales, . . ., whether received in money or otherwise, . . . ."

■ This inclusion of taxable receipts encompasses those of taxpayer here. The Emergency School Tax Act, specifically provided that services which are part of the sale of tangible personalty, such as carpet and pad, be included in the taxable proceeds of sales. Where a statute expressly authorizes inclusion of services which are part of sales within the definition of gross receipts, taxation is justified whenever property is sold which requires rendition of some service to make it suitable for sale to the customer in question, even if the service portion of the sale is the principal cost involved. 47 Am.Jur., Sales and Use Taxes, § 26 (1943).

■ Section 72–16–2, subd. H, supra, defines "retail" as ". . . the sale of tangible personal property for consumption and not for resale in the form of tangible personal property, and 'retailer' means every person engaged in the business of making sales at retail." From the facts of the case, it can be said that taxpayer is engaged in the business of selling tangible personal property for consumption by the purchaser, and not for resale.

■ Legislative language in the old law —§ 72–16–2, subd. H, supra, of the Emergency School Tax Act, evidencing the intent to impose a sales tax on the proceeds of retail sales along with those from related services, clearly required taxation of taxpayer's installation receipts. See Dikewood Corporation v. Bureau of Revenue, 74 N.M. 75, 390 P.2d 661 (1964).

In the present case, taxpayer provided a service, installation, to render the product sold suitable for the customer's use. See Spagat v. Mahin, 50 Ill.2d 183, 277 N.E.2d 834 (1971); Gross Income Tax Division v. L. S. Ayres & Co., 233 Ind. 194, 118 N.E. 2d 480 (1954).

The Gross Receipts and Compensating Tax Act became effective July 1, 1967. Taxpayer's receipts derived from transactions occurring on or after that date were assessed in accordance with its provisions.

Similar to the old Emergency School Tax Act, the new law, § 72–16A–2, N.M. S.A.1953, (Repl.Vol. 10, pt. 2, Supp.1967), was passed ". . . to provide revenue for public purposes by levying a tax on the privilege of engaging in certain activities within New Mexico. . . ." Section 72–16A–3, subd. B, supra, states that: " 'buying' or 'selling' means any transfer of

property for consideration or any performance of service for consideration;" thus again embracing both portions of what taxpayer sells to customers. Subparagraph F of this section defines "gross receipts" somewhat differently than the former provision, ". . . the total amount of money or the value of other consideration, received from selling property in New Mexico, . . . or from performing services in New Mexico, . . . ."

Taxpayer seeks to interpret the applicability of both the Gross Receipts and Compensating Tax Act and the Emergency School Tax Act by citing from the current statute, § 72–16A–14.3, N.M.S.A.1953 (Repl. Vol. 10, pt. 2, Supp.1971) and from current Bureau of Revenue Regulations, G. R. Regulation 14.2–4 effective March 9, 1972. However, neither the subsequent statutory amendments nor the relevant new or old Gross Receipts and Compensation Tax Regulations were given retroactive effect. See Laws 1969 ch. 144, § 37; New Mexico Gross Receipts and Compensating Tax Act Regulations, September, 1967; Regulations in Effect and Pertaining to the New Mexico Gross Receipts and Compensating Tax Act, December 5, 1969; Regulations in Effect and Pertaining to the New Mexico Gross Receipts and Compensating Tax Act, March 9, 1972.

*There has been no double taxation.*

■ Taxpayer contends that having to pay gross receipts tax on amounts it received for installation of carpet constitutes double taxation since Service, Inc. had paid the gross receipts tax on its receipts for installation. We disagree.

In support of its position, taxpayer cited the definition of "double taxation" and of "double assessment" as "the imposition of the same tax, by the same taxing power, upon the same subject matter." Aragon v. Empire Gold Mining & Milling Co., 47 N.M. 299, 142 P.2d 539 (1943).

In our opinion the gross receipts tax was not in this instance imposed upon the same subject matter; subject matter in this case consists of two separate transactions or sales. In this instance, taxpayer has only been assessed once, as a seller who does not sell for resale, and thus is clearly obligated to bear its burden of paying the gross receipts tax due. Taxpayer has not been asked to pay more than its proportional fair share nor has it in fact paid even one of the contested taxes.

■ Taxpayer contends that ". . . [i]f a nontaxable certificate had been used by House of Carpets, and then the House of Carpet Service would have been liable for the entire tax; . . . ." We disagree. Had taxpayer delivered to Service, Inc., a nontaxable transaction certificate, only Service, Inc., would have been relieved of the gross receipts tax liability because of its status as a seller of a service for resale. Section 72–16A–13, N.M.S.A. 1953 (Repl. Vol. 10, pt. 2, Supp.1967).

■ Taxpayer further contends ". . . conversely, if the House of Carpet Service delivered a nontaxable transaction certificate to House of Carpet, then House of Carpets would be liable for the installation in addition to the carpet and pad. . . ." Section 72–16A–13, supra, makes clear that only the buyer, who has or had applied for a registration number, may execute a nontaxable transaction certificate. In the present case, taxpayer is the buyer, and Service, Inc., the seller of a service for resale. Had a nontaxable transaction certificate been properly delivered, the reseller of the service, (taxpayer in this case) would be liable for payment of the gross receipts tax.

In the case of Rust Tractor Co. v. Bureau of Revenue, 82 N.M. 82, 475 P.2d 779 (Ct.App.1970), Rust argued that a double tax had been imposed. There, a compensating "use" tax was assessed upon taxpayer's equipment which was rented or leased, and a gross receipts "sales" tax had previously been imposed upon receipts derived from the payment of rental by those to whom the property was leased. The same equipment was involved in both assessments. The court held that the two taxes were not imposed upon an identical transaction; rather two distinct stages or transactions were found, despite the identity of

the seller-lessor who was required to pay both taxes. No double taxation existed.

In the present case, even though Service, Inc., may have been taxed on these particular sets of transactions, there is no second tax upon property owned by the same person, for there was no prior tax upon taxpayer. Only Service, Inc., paid an earlier tax.

Taxpayer's final point is stated as follows:

*Acceptable tax is based on equality and uniformity.*

In New Mexico State Board of Public Accountancy v. Grant, 61 N.M. 287, 299 P. 2d 464 (1956), the Supreme Court, in discussing double taxation and N.M.Const. Art. 8, § 1, said:

"It is also argued that to permit what is here attempted amounts to double taxation and violates Const. Art. VIII, § 1, requiring equality and uniformity of taxation upon subjects of taxation of the same class. We fail to see wherein there is any double taxation, however viewed. Even if it were otherwise, there exists no constitutional inhibition against double taxation. . . . "

Rust Tractor Co. v. Bureau of Revenue, supra, provided another example of this proposition. Rust contended that a double tax had been imposed which constituted a denial of equal protection of the laws, under the State and Federal Constitutions, and violated N.M.Const. Art. 8, § 1. The court decided that no constitutional provision had been violated. The opinion cited several authorities in support of the additional principle that in the field of taxation, a heavy burden rests with one who would attack the constitutionality of legislation. Michael J. Maloof & Co. v. Bureau of Revenue, 80 N.M. 485, 458 P.2d 89 (1969). Edmunds v. Bureau of Revenue, 64 N.M. 454, 330 P.2d 131 (1958).

Taxpayer has not shown any unreasonable classification in the statutes themselves, nor any unequal or nonuniform application of the laws to it.

No inequality or nonuniformity has resulted from taxing taxpayer's receipts under the clear mandate of the revenue laws. Taxpayer has been assessed in exactly the same manner as other sellers of tangible personalty or services therein.

The decision of the Commissioner is affirmed.

It is so ordered.

SUTIN, J., concurs.

HENDLEY, J., specially concurring.

HENDLEY, Judge (specially concurring).

I agree with the result reached by the majority opinion but cannot agree with the reasoning.

First, I disagree with that part of the majority opinion under the heading "Taxpayer's installation receipts are subject to gross receipts tax" for the reason that taxpayer does not argue the taxability of the services. The taxpayer's argument is that since the taxes have been collected from one whom taxpayer deems the appropriate person (Service, Inc.) taxpayer should not have to pay them again. Implicit in taxpayer's argument is a concession that the services are taxable *but not* to taxpayer.

Second, I disagree with that part of the majority opinion under the heading "There has been no double taxation" for the reason that it misconceives the issue. I believe that the matter is and should be disposed of on the basis of the statutory scheme.

The taxes presently in question which cover the period for January 1, 1964 to September 30, 1967 were levied under the provisions of three successive but similar laws. Laws 1959, ch. 5; Laws 1963, ch. 325; and Laws 1966, ch. 47. The stated purpose of the three successive tax laws has at all relevant times been to levy a tax on the privilege of doing business in the State of New Mexico. The total receipts of every business subject to the gross receipts tax has at all relevant times been the subject of a statutory presumption of taxa-

bility. Those businesses which sell goods and services for resale have been permitted to deduct the receipts of such sales from their gross receipts if they receive a certificate, originally called a resale certificate and presently called a nontaxable transaction certificate, from the purchaser.

In the present case, it is undisputed that taxpayer did not make use of the appropriate type of certificate in its dealings with Service, Inc. There is a stipulation to the effect that subsequent to the audit, which produced the assessments here in question, House of Carpets delivered a nontaxable transaction certificate to Service, Inc. This, however, does the present taxpayer no good. The delivery of such a certificate serves only to permit the recipient of the certificate, in this case Service, Inc., to deduct the value of the product or service sold for resale.

Taxpayer frames the issue presented as one of "double taxation." I understand taxpayer to mean that since Service, Inc., has paid the gross receipts tax on the price of the installation services that it would be contrary to the legislative intent to permit the Bureau of Revenue to tax those same receipts to taxpayer. Taxpayer's meaning of the term "double taxation" is different from that meaning given in the *Aragon* case cited in the majority opinion. Taxpayer's argument that "double taxation", as he defines it, is prohibited does not depend on any constitutional prohibition as the majority apparently would have it. Rather, taxpayer argues that this type of double taxation is prohibited because it is contrary to the legislative intent. It is taxpayer's contention that it is the legislative intent, as manifested by the provisions permitting the deduction of receipts from sales for resale, that the tax ". . . be assessed but once." Assuming, without deciding, that taxpayer's statement of the legislative purpose is correct, taxpayer still cannot prevail. As we said in Reed v. Jones, 81 N. M. 481, 468 P.2d 882 (Ct.App.1970):

". . . The burden is on the taxpayer to establish clearly his right to the deduction. . . ."

In the present case the Legislature has provided the means for the tax to be assessed but once, namely, by using nontaxable transaction certificates. Not having availed himself of the means for avoiding the tax in question, taxpayer is left with the presumption of taxability.

Lastly, I disagree with that part of the majority opinion under the heading "Acceptable tax is based on equality and uniformity" for the reason that the majority's discussion misconceives the issue as presented by taxpayer. The reason for this misconception is the differing definitions of "double taxation" used by the majority and by taxpayer. As pointed out in the preceding paragraphs taxpayer's argument against what he views as "double taxation" is based on legislative intent as expressed in the statutory scheme, while the majority's discussion relates to a possible constitutional issue not explicitly argued by taxpayer and unnecessary to the decision of the case.

N.M.Const. Art. VIII, § 1 provides in part that: ". . . taxes shall be equal and uniform upon subjects of taxation in the same class."

Taxpayer contends that the imposition of the tax in this case violates the requirements of the N.M.Const. Art. VIII, § 1. The answer to this contention is that the statutory scheme provides an equal and uniform method of taxation.

Taxpayer could have used nontaxable transaction certificates as provided by statute. He cannot now argue that his own failure to avail himself of the deductions provided by statute render the statutory scheme unequal or imposes burdens which are not uniform. See Gruschus v. Bureau of Revenue, 74 N.M. 775, 399 P.2d 105 (1965).

For the foregoing reasons I concur in the result reached by the majority in affirming the decision and order of the Bureau, but I cannot agree with the reasoning used to achieve that result.