514 P.2d 616

**NEW MEXICO SHERIFFS AND POLICE ASSOCIATION, Appellant,**

v.

**BUREAU OF REVENUE and Commissioner of Revenue State of New Mexico, Appellees.**

No. 1136.

Court of Appeals of New Mexico.
Sept. 12, 1973.

**566**

Gene E. Franchini, Matteucci, Franchini, Calkins & Michael, Albuquerque, for appellant.

David L. Norvell, Atty. Gen., Santa Fe, Susan P. Graber, Keith A. Maxwell, Bureau of Revenue Asst. Attys. Gen., for appellees.

## OPINION

WOOD, Chief Judge.

After a formal hearing, the Commissioner of Revenue denied the protest of taxpayer (New Mexico Sheriffs and Police Association) as to its liability for gross receipts and municipal tax, penalty and interest from July 1, 1969, to January 31, 1972. Taxpayer's appeal raises questions concerning: (1) license or franchise; (2) the deduction provided by § 72–16A–14.18, N. M.S.A. 1953 (Repl.Vol. 10, pt. 2, Supp. 1971); and (3) double taxation.

*License or franchise.*

Section 72–16A–3(I), N.M.S.A.1953 (Repl.Vol. 10, pt. 2, Supp.1971) defines property to include "licenses" and "franchises." Section 72–16A–3(F), supra, defines gross receipts to include the total amount of money received from selling property in New Mexico. The tax assessment involved concerns a contract between taxpayer and Gene Shaffer. The issue is whether that contract amounts to a license or franchise.

Under the contract, taxpayer granted to Shaffer ". . . the sole and exclusive right to publish the official magazine of the New Mexico Sheriff [sic] and Police Association. . . ." The contracting parties agreed that the magazine was taxpayer's "official publication," that the name to be used was " 'NEW MEXICO LAW MAN' " and that this name was the property of taxpayer. The contract contains details as to publication dates, contents, distribution and controls in taxpayer concerning the solicitation and sale of advertising.

Under the contract, Shaffer bears the cost of publication. Taxpayer received from Shaffer ". . . a royalty of sixteen per cent (16) of the gross sales of advertising." The tax assessment involved is based on receipts to taxpayer under this provision.

Taxpayer contends the contract does not amount to either a license or franchise. We do not consider the meaning of "franchise." The contract is a license.

"License" is not defined in the statutes. Accordingly, "license" is to be given its ordinary meaning unless a different intent is clearly indicated. Albuquerque Nat. Bank v. Commissioner of Revenue, 82 N. M. 232, 478 P.2d 560 (Ct.App.1970); Reed v. Jones, 81 N.M. 481, 468 P.2d 882 (Ct. App.1970).

Webster's Third New International Dictionary (1966) defines "license" in terms of "to accord permission or consent;" "allow;" "authorize;" "permission to act." Under the heading "Constitutional Law and Law of Contracts," Black's Law Dictionary (1951) defines "license" as: "A permission, by a competent authority to do some act which without such authorization would be illegal, or would be a trespass or a tort. . . ." See Fed. Land Bank v. Kiowa County, 368 U.S. 146, 82 S.Ct. 282, 7 L.Ed.2d 199 (1961), n. 23; Galvan v. Superior Court, 70 Cal.2d 851, 76 Cal.Rptr. 642, 452 P.2d 930 (1969); compare Beckett v. Tax Commr., 7 Ohio App.2d 181, 219

N.E.2d 305 (1965). Adams v. Heisen, 77 N.M. 374, 423 P.2d 414 (1967) states: "The essential element in the creation of a license is the permission or consent of the licensor. . . ." Compare State v. Mauney, 76 N.M. 36, 411 P.2d 1009 (1966).

The ordinary meaning of license being "permission to act," the contract in question was a license from taxpayer to Shaffer to publish the magazine. Taxpayer's argument that this permission cannot be a license unless the permission comes from some government authority is without merit. The following cases demonstrate that the concept of license is not so limited. Adams v. Heisen, supra; Jellison v. Gleason, 77 N.M. 445, 423 P.2d 876 (1967); Mozert v. Noeding, 76 N.M. 396, 415 P.2d 364 (1966); Bogart v. Hester, 66 N.M. 311, 347 P.2d 327 (1959).

*Deduction provided by § 72–16A–14.18, supra.*

 This section states that receipts from publishing magazines, except from selling advertising space, may be deducted from gross receipts. Taxpayer claims he is entitled to this deduction. We disagree.

No such claim was raised at the hearing before the Commissioner. Section 72–13–39, N.M.S.A.1953 (Repl.Vol. 10, pt. 2, Supp.1971) provides the appeal to this Court is " . . . only to the same extent and upon the same theory as was asserted in the hearing before the commissioner . . . ." The claim is not before us for review. Till v. Jones, 83 N.M. 743, 497 P. 2d 745 (Ct.App.1972). In addition, the record is undisputed that taxpayer's receipts are a royalty paid to it from Shaffer's advertising revenues and are not receipts from publishing the magazine.

*Double taxation.*

Taxpayer claims the Commissioner's decision is arbitrary and capricious, see § 72–13–39(C), supra, because taxation of its receipts "smacks of double taxation." This contention is that Shaffer has paid the tax on his gross receipts (which is not established in this record) and, therefore, the taxation of receipts to taxpayer is double taxation.

There are two answers. First, if there were double taxation, such would not necessarily be arbitrary or capricious. See New Mexico State Board of Public Account. v. Grant, 61 N.M. 287, 299 P.2d 464 (1956). Second, there is no double taxation, as that concept is defined in State v. Ingalls, 18 N.M. 211, 135 P. 1177 (1913). The tax is on the taxpayer's receipts. The only other tax involved is the tax asserted to have been paid by Shaffer on *his* receipts. There is no factual basis for the double taxation claim. Czarnikow-Rionda Company v. United States, 328 F.Supp. 487 (Customs Ct.1971); Aragon v. Empire Gold Mining & Milling Co., 47 N.M. 299, 142 P.2d 539 (1943); see House of Carpets, Inc. v. Bureau of Revenue, 84 N.M. 747, 507 P.2d 1078 (Ct.App.1973); Rust Tractor Co. v. Bureau of Revenue, 82 N. M. 82, 475 P.2d 779 (Ct.App.1970).

The Commissioner's decision and order is affirmed.

It is so ordered.

HENDLEY and LOPEZ, JJ., concur.