528 P.2d 212

**NEW MEXICO ENTERPRISES, INC.,**
**Appellant,**

v.

**BUREAU OF REVENUE, Appellee.**

**No. 1394.**

Court of Appeals of New Mexico.

Oct. 30, 1974.

## 800

Thomas B. Catron, III, Fletcher R. Catron, Catron, Catron & Sawtell, Santa Fe, for appellant.

David L. Norvell, Atty. Gen., Susan P. Graber, Keith A. Maxwell, Bureau of Revenue Asst. Attys. Gen., Santa Fe, for appellee.

## OPINION

HENDLEY, Judge.

Taxpayer was assessed certain taxes under the Gross Receipts and Compensating Tax Act, § 72–16A–1 et seq. N.M. S.A.1953 (Repl. Vol. 10, pt. 2, 1961, Supp. 1973), for the period of July 1, 1966 through June 30, 1971 and for the period of January 1, 1966 to July 1, 1966 under the Emergency School Tax Act, § 72–16–2 et seq. N.M.S.A.1953 (Repl. Vol. 10, pt. 2, 1961, Supp.1965). The assessment was upheld by Decision and Order of the Commissioner of Revenue on the basis of stipulated facts.

The material stipulated facts are as follows: Taxpayer ". . . was engaged in the business of management consultation, supervision, administration, accounting, financial, and related services for motels . . . ." Taxpayer's contracts with its motel clients also provided it would make "wholesale purchases" for its clients. Taxpayer and its motel clients are separate legal entities. As a part of its management service:

"Taxpayer bought large quantities of tangible personal property, such as writing paper, soap, towels, matches, kleenex, toilet paper, and similar items. These items were ordered by taxpayer, which was then billed for the items; taxpayer was liable for and paid such bills for purchase of the property. At the time of the purchase, taxpayer did not know what specific items were destined for any particular client. Taxpayer then distributed the items to its motel clients, as required by them, in return for which it charged its own cost as a price to its clients when it billed them without addition or profit.

Taxpayer did not deliver a nontaxable transaction certificate to those from whom it purchased the tangible personal property."

Taxpayer contends it was acting as a "factor, agent or broker, on a commission or fee basis" and could not be taxed on the cost of the merchandise. Taxpayer also contends that such transfers of merchandise are not included within the 'term "gross receipts" as defined in § 72–16A–3 (F), supra, and that the property was not transferred or sold to make a profit.

The Bureau contends that the taxpayer is not a factor, agent or broker and that the disputed amount is gross receipts within the meaning of § 72–16A–3(F), supra. We agree.

■ Taxpayer asserts that under the foregoing facts and the terms of its contract with the motel clients it was an agent. We do not dispute that taxpayer could have been an agent when it was agreed that the manager would make "wholesale purchases." Manager could have purchased directly from wholesalers in the name of the motel client. However, it chose not to do so. The reasons for not doing so are immaterial.

■ In the instant case there were two distinct sales—the sale to the taxpayer, and the sales from the taxpayer to the client. The absence of a profit does not change taxpayer's position, nor does the fact of its failure of delivery of a nontaxable transaction certificate to its supplier. House of Carpets, Inc. v. Bureau of Revenue, 84 N.M. 747, 507 P.2d 1078 (Ct.App.1973).

■ "Gross receipts" means the total amount of money or the value of other considerations received from selling property or from performing services. Section 72–16A–3(F), supra. Nowhere does the act provide for the deduction or exemption sought by the taxpayer.

■ Taxpayer would have us hold that the Gross Receipts Tax is an additional income tax by holding the method of billing alters the tax result. Taxpayer states

that the furnishing of the tangible supplies is incidental to the service it performs. Section 72–16A–3(K), supra. This argument fails to recognize the essence of the transaction—two sales, one to taxpayer and one by taxpayer.

Accordingly, taxpayer is not a factor, agent or broker for its motel clients under the facts as contained in the record before us. Taxpayer is taxable for the total amount of money received from its sale to the motel clients of the tangible personal property under the Gross Receipts and Compensating Tax Act.

We see no different result for those taxes assessed under the Emergency School Tax Act. Taxpayer's activities were the same throughout the audited period. Taxpayer's activities constituted the sales of tangible personal property. It took title to the goods in its own name and sold to third parties—its motel clients. Again, the fact that no profit was made is immaterial.

Affirmed.

It is so ordered.

HERNANDEZ and LOPEZ, JJ., concur.