544 P.2d 291

**FLOYD & BERRY DAVIS COMPANY, Appellant,**

v.

**BUREAU OF REVENUE of the State of New Mexico, Appellee.**

**No. 1913.**

Court of Appeals of New Mexico.

Dec. 9, 1975.

Kendall O. Schlenker, Schlenker, Parker, Payne & Wellborn, Albuquerque, for appellant.

Toney Anaya, Atty. Gen., Daniel H. Friedman, Bureau of Revenue, Asst. Atty. Gen., Santa Fe, for appellee.

## OPINION

LOPEZ, Judge.

The taxpayer appeals a decision and order of the Bureau assessing gross receipts taxes. Sections 72–13–39 and 72–16A–4, N.M.S.A.1953 (Repl. Vol. 10, pt. 2, Supp. 1973). We affirm.

The taxpayer's contention on appeal is that the Bureau incorrectly determined the base on which a gross receipts tax was assessed.

The taxpayer is a partnership consisting of Floyd Davis and Berry F. Davis. It is engaged in the contracting business. The receipts which gave rise to the assessments at issue were payments to the taxpayer by North Park Apartments, Inc., for the construction of North Park Apartments by the taxpayer. The shareholders and officers of North Park Apartments, Inc. consist of Floyd Davis, Berry F. Davis and two other individuals. This construction was performed pursuant to a contract between the taxpayer and North Park Apartments, Inc., entitled, "Construction Contract-Cost Plus".

The sole contention of the taxpayer before the Bureau was that all receipts paid by North Park Apartments, Inc. to it were received in the capacity of an agent for North Park Apartments. However, this argument has been abandoned on appeal.

 The taxpayer did not raise the argument before the Bureau that the base figure for the gross receipts tax was not correct and therefore it need not be considered on appeal. Section 72–13–39(A), N. M.S.A.1953 (Repl.Vol. 10, pt. 2, Supp. 1973). *New Mexico Sheriffs and Police Association v. Bureau of Revenue,* 85 N.M. 565, 514 P.2d 616 (Ct.App.1973); *Archuleta v. O'Cheskey,* 84 N.M. 428, 504 P.2d 638 (Ct.App.1972); *Till v. Jones,* 83 N.M. 743, 497 P.2d 745 (Ct.App.1972). We shall discuss the merits nonetheless.

 On appeal the taxpayer argues that the tax base should be $682,994.09 as stated on their own certificate of actual costs. Alternatively, they argue that the figure of $719,058.00, which is found in the construction contract between the taxpayer and the North Park Apartments, Inc. should control.

The Bureau contends that all the amounts listed in the document entitled, "Mortgagor's Certificate of Actual Costs", which was a document the taxpayer submitted to the Federal Housing Authority, constituted gross receipts to the taxpayer. These amounts totaled $797,686.00. (The contract total was actually $823,433.59, yet both parties agree $25,757.00 of that amount was not received by the taxpayer. There is also a less than $3,000.00 discrepancy between the Bureau's and the taxpayer's base figures which is not at issue.)

The assessment by the Bureau is presumed to be correct. Section 72–13–32(C), N.M.S.A.1953 (Repl. Vol. 10, pt. 2, Supp. 1973). *Torridge Corporation v. Commissioner of Revenue,* 84 N.M. 610, 506 P.2d 354 (Ct.App.1972); *McConnell v. Bureau of Revenue,* 83 N.M. 386, 492 P.2d 1003 (Ct.App.1971). One way for the taxpayer to overcome the presumption of correctness of the assessment is to present evidence and to show that the decision of the Bureau is not supported by substantial evi-

dence. Our duty in this case is to determine whether there is substantial evidence in the record to support the Bureau's order. In so doing, we must view all evidence in the light most favorable to the Commissioner's decision. *United Veterans Organization v. New Mexico Property Appraisal Department,* 84 N.M. 114, 500 P.2d 199 (Ct.App.1972); *Westland Corporation v. Commissioner of Revenue,* 84 N.M. 327, 503 P.2d 151 (Ct.App.1972).

The evidence before the Commissioner included: A letter from Robert H. Mott, a certified public accountant, addressed to the Federal Housing Commissioner in Albuquerque which said in part:

"In my opinion, the accompanying Form 2330 and 2330A presents fairly the actual cost, in the amount of $819,492.73 of the North Park Apartments, Inc., in conformity with generally accepted accounting principles, giving effect to the instructions issued by the Federal Housing Commissioner for the recognition of such costs."

Form 2330, which the certified public accountant attached in his letter to the Federal Housing Commissioner and which is part of Exhibit Q, reveals the mortgagor's costs to have been $819,492.73. In addition, the taxpayer's president testified that the architect fees, mortgage expenses and Federal Housing Administration expenses were received and paid out by the taxpayer. The Bureau concluded that the taxpayer received $797,686.00 in accordance with the previously mentioned $25,000.00 contractor's fee.

The only evidence helpful to the taxpayer was a copy of the contract. The tax-

payer argues that the contract creates a ceiling in the total cash payable to it of $719,058.00 and that this contract should control the decision of the Bureau of Revenue. The Bureau concluded that this evidence is not compelling in view of the contradictory evidence, and our standard of review requires our assent to this conclusion.

We conclude that the presumption of correctness of the assessment was not overcome and the decision of the Bureau is supported by substantial evidence. *Torridge Corporation v. Commissioner of Revenue,* supra, and *McConnell v. Bureau of Revenue,* supra.

The decision of the Bureau is affirmed.

It is so ordered.

SUTIN, J., concurs.

HENDLEY, J., specially concurs.

HENDLEY, Judge (specially concurring).

I concur in the result of the majority opinion. My reason is that once it is decided that the issue was not raised before the Commissioner any further discussion on the merits is dictum. Further, this case is a perfect example of the reason and philosophy for memorandum opinions which are not published. The rule of law on which this case should terminate (failure to raise the issue before the Commissioner or the trial court) is so well established that the majority opinion serves no useful function for the bench, bar or the law reporter system.