(No. 41532.—

PETER ALTIER, Appellee, *vs.* BERNARD T. KORZEN, County Treasurer, *et al.,* Appellants.

*Opinion filed September 26, 1969.*

ECWARD V. HANRAHAN, State's Attorney, of Chicago, (DANIEL P. COMAN, DEAN H. BILTON, RONALD BUTLER, and THOMAS E. BRANNIGAN, Assistant State's Attorneys, of counsel,) for appellants.

ARTHUR W. MAIN, JR., of Chicago, for appellee.

Mr. JUSTICE HOUSE delivered the opinion of the court:

This case presents the question of whether a purchaser of property from the State can enjoin the collection of taxes extended against the property during the years of State ownership.

Plaintiff, Peter Altier, filed a complaint to enjoin the collection of taxes levied for the years 1960 and 1961 against property acquired by the State through eminent domain proceedings in 1959 and purchased by him from the State in 1966. The taxing authorities filed a motion to dismiss on the ground that plaintiff lacked standing to assert the tax exemption of the State. The circuit court of Cook County overruled the motion to dismiss, defendants stood upon the motion and the court entered a decree for plaintiff. This appeal followed.

The taxing authorities stand on the theory that while the State could have secured exemption without question, assertion of exemption is a privilege which must be asserted by the State itself and not by a subsequent owner. Plaintiff, on the other hand, contends that the assessment of taxes on this property was void and that it was unnecessary for the subsequent owner to take any action to secure exemption for the years in question.

This precise question has not been heretofore presented, but it has long been recognized that collection of a void tax

may be restrained. "In conformity with this principle this court has constantly recognized the right of an individual or individuals to restrain an entire tax that is without authority and void." *Knopf* v. *First National Bank of Chicago,* 173 Ill. 331, 334. In speaking of property exempted under the provisions of the taxpayer's charter, it was said in *Illinois Central Railroad Co.* v. *Hodges,* 113 Ill. 323, at 325: "Where an individual has property subject to taxation, he is chargeable with knowledge that it will be assessed for that purpose, and he must ascertain whether the valuation is satisfactory, and if it shall not be, apply to the statutory tribunals for relief. But where an individual has property that is exempt from taxation, he has a right to assume that the law will be observed, and he is not, therefore, required to take notice of its alleged assessment and valuation, nor to appear before the local tribunals in that regard. He is required to do no affirmative act to insure that his property shall be protected under the law exempting it; and when it is illegally assessed, as we have said, he may resort to a court of equity for an injunction."

Section 19 of the Revenue Act (Ill. Rev. Stat. 1967, ch. 120, par. 500), provides that all property described in sections 19.1 to 19.22 to the extent there limited shall be exempt from taxation. Under section 19.5 (Ill. Rev. Stat. 1967, ch. 120, par. 500.5) all property of every kind belonging to the State of Illinois is exempt. No action by the State was necessary or required to secure exemption since the statute unequivocally exempts all State owned property.

The collector cites authority to the effect that a party claiming exemption must bring itself within the provision for exemption (see *e.g. People ex rel. Pearsall* v. *Catholic Bishop of Chicago,* 311 Ill. 11), and that exemption from taxes is personal and cannot be transferred. That is true, but it has no application here. Land owned by the State is automatically exempt during the period of the State's ownership without any necessity of making application for

exemption. The land, of course, lost its exempt status when it was sold and transferred by the State to an individual. There seems to be a misunderstanding of plaintiff's action. He is not seeking exemption for his property but prays that it be relieved of the cloud upon his title created by the illegal levy and thereby protect the property from forfeiture and sale. There was no attempt by the State to transfer its exemption nor does plaintiff claim exemption for the years subsequent to the State's ownership.

This case presents an entirely different problem from that posed in *Skil Corporation* v. *Korzen,* 32 Ill.2d 249, which involved levies made during years of ownership by Cook County. Section 19.9 of the Revenue Act (Ill. Rev. Stat. 1967, ch. 120, par. 500.9) provides that property owned by a political subdivision is tax exempt provided that it is "used exclusively for public purposes  *  *  *." That case carefully pointed out that although there was county ownership, there was an utter failure of proof that the land was used exclusively for public purposes, and consequently, it did not come within the terms of the statute.

It has been said that any general tax levied against exempt property is void. (51 Am. Jur. Taxation, sec. 497.) The General Assembly has recognized that principle, first, by providing in section 260 of the Revenue Act, (Ill. Rev. Stat. 1967, ch. 120, par. 741,) that a sale of land not subject to taxation shall be cancelled and second, where real estate is exempt, section 270 (Ill. Rev. Stat. 1967, ch. 120, par. 751) makes an exception to the rule that a tax judgment and sale is conclusive.

It is our opinion that a tax levy against property of the State which is specifically exempted by the statute, is void *ab initio* and cannot be enforced, and that a subsequent owner is entitled to injunctive relief.

We find no error in the judgment order of the circuit court of Cook County and it is affirmed.

*Judgment affirmed.*