(No. 42671.—

THE BOYE NEEDLE COMPANY, Appellant, *vs.* THE DEPARTMENT OF REVENUE *et al.*, Appellees.

*Opinion filed May 27, 1970.*

PAUL A. TESCHNER and ROBERT C. BONGES, both of Chicago, (POPE, BALLARD, KENNEDY, SHEPARD & FOWLE, of counsel,) for appellant.

WILLIAM J. SCOTT, Attorney General, of Springfield, (FRANCIS T. CROWE, HERMAN TAVINS, and A. ZOLA GROVES, Assistant Attorneys General, of counsel,) for appellees.

Mr. CHIEF JUSTICE UNDERWOOD delivered the opinion of the court:

Plaintiff challenges the validity of tax assessments levied under the Use Tax Act. (Ill. Rev. Stat. 1967, ch. 120, pars. 439.1 *et seq.*) The Cook County circuit court dismissed plaintiff's complaint, and vacated its temporary injunction whereby the contested tax payments had been retained by the Department of Revenue in the protest fund. The appeal is brought directly to this court since the revenue is involved.

The parties have stipulated as to all relevant facts. Plaintiff manufactures and distributes to retailers, in Illinois and elsewhere, a variety of "knitting and sewing accessories". Retailers who purchase various stated quantities of the accessories received from plaintiff, without additional cost, title and possession of appropriate "merchandisers" (display racks). Plaintiff purchases the merchandisers from Illinois and out-of-state suppliers, for shipments both to its Illinois warehouse and direct to various retailers.

The Department assessed use tax on the cost to plaintiff of all merchandisers placed with Illinois retailers, and also those purchased from Illinois suppliers and stored in plaintiff's warehouse prior to shipment to out-of-state retailers.

The Department contends, and the trial court in its written opinion agrees, that plaintiff's "use" of the taxed merchandisers falls within section 2 of the Use Tax Act, which provides that " 'Use' means the exercise by any person of any right or power over tangible personal property incident to the ownership of that property * * *." (Ill. Rev. Stat. 1969, ch. 120, par. 439.2.) Our decision in *Miller Brewing Co.* v. *Korshak,* 35 Ill.2d 86, in which we upheld the imposition of use tax premised upon a manufacturer's "use" of point-of-sale advertising items, is cited as support for the Department's view. There is a critical distinction between the situation in *Miller Brewing Co.* and the present case, however. We found in *Miller Brewing Co.* that the manufacturer's "use" under the Act inhered in permitting retailers to make use of the items. This conclusion rested initially upon the recognition that the manufacturer at all times owned the items, having failed to show a transfer of ownership by either sale or gift. In the case before us, the parties have stipulated that "the plaintiff transfers both title and possession of the merchandisers to its customer, thereby relinquishing all incidents of ownership over such merchandisers". The *Miller Brewing Co.* ruling is thus factually inapposite to the present situation, and does not support the assessment of use tax here.

The use tax "is imposed upon the privilege of using in this State tangible personal property purchased at retail * * *." (Ill. Rev. Stat. 1969, ch. 120, par. 439.3.) To be classified as "purchased at retail", property must be purchased "for use and not for resale * * *." (Ill. Rev. Stat. 1969, ch. 120, par. 439.2.) Plaintiff has argued at length that its transfer of the merchandisers should be characterized as "resale", thereby exempting plaintiff from

the use tax. The Department responds that a transfer "without additional cost" cannot be deemed a resale, and apparently argues that the transfers are gifts and therefore nonexempting.

The sale-gift dispute is the subject of Rule No. 50 of the Retailers' Occupation Tax Rules. That Rule provides that a sale is taxable under the Retailers' Occupation Tax Act when the purchaser gives the property away *"apart from"* the sale of other goods (Rule No. 50(1)); but when the property is transferred *"along with"* other goods, for which a charge is made, that transfer is deemed a "resale" which absolves the original sale by the supplier from tax consequences. (Rule No. 50(2).) Plaintiff's transfer of merchandisers clearly falls within Rule No. 50(2), since they are transferred along with the knitting and sewing accessories for which a charge is made. The original sales of merchandisers by the suppliers to plaintiff must therefore be nontaxable under the Retailers' Occupation Tax Act. This fact, in turn, dictates the result in the case before us.

The limited purpose of the use tax is to complement the Retailers' Occupation Tax Act. (*Turner* v. *Wright,* 11 Ill.2d 161.) To this end, section 3 of the Use Tax Act delimits the scope of the use tax: "If the seller of tangible personal property for use would not be taxable under the Retailers' Occupation Tax Act despite all elements of the sale occurring in Illinois, then the tax imposed by this Act shall not apply to the use of such tangible personal property in this State." (Ill. Rev. Stat. 1969, ch. 120, par. 439.3.) Since, by virtue of Rule No. 50, plaintiff's suppliers are clearly not taxable under the Retailers' Occupation Tax Act, we find that section 3 of the Use Tax Act bars the imposition of use tax upon plaintiff.

The judgment of the circuit court of Cook County is accordingly reversed and the cause remanded.

*Reversed and remanded.*