PRAIRIE TANK & CONSTRUCTION COMPANY, Plaintiff-Appellee, *v.* THE DEPARTMENT OF REVENUE, Defendant-Appellant.

First District (5th Division)   No. 76-313

Opinion filed May 13, 1977.

William J. Scott, Attorney General, of Chicago (Bonny Sutker Barezky, Assistant Attorney General, of counsel), for appellant.

Bishop & Crawford, Ltd., of Chicago (Leslie R. Bishop, Larry R. Stivers, and Norman Crawford, of counsel), for appellee.

Mr. JUSTICE LORENZ delivered the opinion of the court:

The Department of Revenue (Department) appeals from a judgment in an administrative review action which reversed its order assessing plaintiff $14,481.64 for unpaid use taxes plus interest and penalties. It contends (1) plaintiff's employment of materials in the construction of tanks was a taxable use, and (2) the application of the Use Tax Act (Ill. Rev. Stat. 1975, ch. 120, par. 439.1—439.22) to plaintiff's activities does not violate the interstate commerce clause of the United States Constitution.

Following its audit and initial assessment, the Department held a hearing, at plaintiff's request, at which the following pertinent evidence was adduced.

*Clarence Goodwin for the Department*

He audited plaintiff's books for the period from July 1969 through August 1972.

Plaintiff was involved in the sale of engineering, design, and architectural skills to be applied to the fabrication of metal storage tanks.

The tanks were generally produced according to the requirements, needs and specifications of plaintiff's customers. Plaintiff's tanks were not inventoried nor stocked and they could not be purchased at retail from any catalog. Materials to be used in constructing a tank were ordered and received for a specific job. Plaintiff never retained the materials other than for the purpose of applying its engineering and fabricating skills to them. The tanks were assembled at the jobsite.

He considered plaintiff to be a construction contractor who was not subject to the service occupation tax. Consequently, plaintiff could be taxed on the materials he used in construction.

He separated plaintiff's material purchases into five different categories, including one category for fixed assets and one category for consumable supplies. He determined that plaintiff owed unpaid retailers' occupation taxes. However, upon review by the Department, the final assessment was considered to be for use taxes.

### J. S. Van Alsburg on plaintiff's behalf

Plaintiff is a fabricator and erector of metal storage tanks for government and industry. It receives inquiries on the cost of constructing a tank of a specified capacity for a specific service or product. It then designs, constructs and tests the tank. Tanks cannot be ordered "off the shelf," by catalog, or in a kit. He admitted that the materials represented by the audit categories fixed assets and consumable supplies were never transferred to plaintiff's customers. In 1968, a representative of the Department showed him how to report plaintiff's tax obligation on a use tax form.

Following this hearing and based upon the recommendation of the hearing referee, the Department issued a final assessment of $14,481 for deficient use taxes for the period beginning July 1969 through August 1972, plus $3,588.48 interest and a $724.08 penalty amounting to a total liability of $18,794.20.

Plaintiff filed its complaint for administrative review praying that the Department's decision be reversed as to the applicability of the use tax to plaintiff's total purchase of fabrication materials, or alternatively, inapplicable to those purchased materials which were subsequently incorporated into a product sold to non-Illinois purchasers.

After reviewing the record and supporting memoranda of law by both parties, the trial court reversed the Department's determination and entered judgment in plaintiff's favor and against defendant. In its "Memorandum of Decision" the trial court noted that plaintiff did not dispute the imposition of the tax on those categories of the audit which encompassed fixed assets and consumable supplies.

OPINION

■■. The Department contends plaintiff's employment of materials in the construction of tanks was a taxable use subject to the Use Tax Act. (Ill. Rev. Stat. 1975, ch. 120, pars. 439.1 through 439.22.) The limited purpose of the use tax is to complement the Retailers' Occupation Tax Act (Ill. Rev. Stat. 1975, ch. 120, pars. 440 through 453) and thus prevent the evasion of taxes by persons making out-of-state purchases of personal property for use in Illinois. *Boye Needle Co. v. Department of Revenue* (1970), 45 Ill. 2d 484, 259 N.E.2d 278.

Our supreme court held in *American Brake Shoe Co. v. Department of Revenue* (1962), 25 Ill. 2d 354, 185 N.E.2d 192, that a corporation engaged primarily in the design, engineering and construction of personal property was transferring materials pursuant to a service occupation and not as a sale at retail taxable under the Retailers' Occupation Tax Act. The court noted that the corporation did not stock its products in advance of transfer; designed and produced the product for a specific place and purpose; did not mass produce the product, and was not able to use the product for another customer or at a different location. (Accord, *J. H. Walters & Co. v. Department of Revenue* (1969), 44 Ill. 2d 95, 254 N.E.2d 485; *Caterpillar Tractor Co. v. Department of Revenue* (1963), 29 Ill. 2d 564, 194 N.E.2d 257; *Bucyrus-Erie Co. v. Lorenz* (1962), 26 Ill. 2d 183, 186 N.E.2d 250.) Thus, the issue on review is whether plaintiff's occupation or use to be taxed was the transfer of personal property purchased at retail to which its services were incidental or was the transfer of its design and engineering skills to which the personal property was incidental.

■■ The manifest weight of the evidence presented at the administrative hearing showed that plaintiff was primarily engaged in the business of designing, engineering and fabricating storage tanks. Plaintiff fabricated tanks according to the specified needs and requirements of an individual customer. It never stocked nor inventoried assembled tanks for sale at retail to its customers. Unlike those cases where a special order item and not a skill was the object of the transaction (*Rodman v. Department of Revenue* (1972), 51 Ill. 2d 314, 282 N.E.2d 706, and *Spagat v. Mahin* (1971), 50 Ill. 2d 183, 277 N.E.2d 834, *cert. denied* (1972), 407 U.S. 921, 32 L. Ed. 2d 806, 92 S. Ct. 2460), or the skill involved consisted solely of slight adaptations on goods which had value to other customers (*Marion Power Shovel Co. v. Department of Revenue* (1969), 42 Ill. 2d 13, 244 N.E.2d 598), the instant plaintiff was employed primarily for the specialized design and engineering skills it could provide in fabricating unique tanks ordered and used by one customer only. Accordingly, we hold the trial court did not err when it found the use tax did not apply to those materials transferred incidental to the provision of plaintiff's design and engineering skills.

■■ For the first time in any proceeding the Department has argued on appeal that plaintiff was subject to use taxes because it was the ultimate user of personal property when it converted materials into real property. However, there is nothing in the record which shows plaintiff converted construction materials into real property by attachment or otherwise. Issues which are based upon facts *dehors* the record and which were not considered by the trial court are not reviewable in this court. *Zehender & Factor, Inc. v. Murphy* (1944), 386 Ill. 258, 53 N.E.2d 944; *Bridges v. Neighbors* (1975), 32 Ill. App. 3d 704, 336 N.E.2d 233; *La Placa v. La Placa* (1956), 9 Ill. App. 2d 573, 133 N.E.2d 547 (abstract).

The Department's assessment order was based, in part, upon plaintiff's use of certain fixed assets and consumable supplies. The record shows that plaintiff did not dispute the taxability of these categories in the trial court. Nonetheless, although the trial court noted plaintiff's concession, it reversed the entire assessment order. We believe that part of the trial court's judgment which deprived the State of taxes admittedly due on personal property used by plaintiff and never transferred to its customers was an erroneous oversight, and therefore reverse that part of the judgment which overturned plaintiff's liability for use taxes on the fixed assets and consumable supplies categories.

■■ In light of our holding on the Department's initial contention, we need not discuss its second contention in this appeal. Similarly, we express no opinion on plaintiff's liability for any taxes other than use taxes because that issue is not before us at this time.

For the reasons stated, we affirm that part of the circuit court's judgment which reversed the Department's assessment for unpaid use taxes on the audit categories representing personal property transferred to customers incidental to plaintiff's design and engineering skills. We reverse that part of the judgment which reversed the Department's assessment for unpaid use taxes on the categories representing fixed assets and consumable supplies and remand this cause to the Department for computation of plaintiff's use tax liability on the latter two audit categories.

Affirmed in part; reversed in part, and remanded with directions.

SULLIVAN, P. J., and WILSON, J., concur.