TRANS-AIR CORPORATION, Plaintiff-Appellee, v. THE DEPARTMENT OF REVENUE, Defendant-Appellant.

Second District   No. 79-408

Opinion filed July 24, 1980.

William J. Scott, Attorney General, of Chicago (Imelda Terrazino, Assistant Attorney General, of counsel), for appellant.

D. Richard Joslyn, of Brydges, Riseborough & Morris, of Waukegan, for appellee.

Mr. JUSTICE UNVERZAGT delivered the opinion of the court:

This is an appeal by the Illinois Department of Revenue from the judgment of the circuit court of Lake County reversing an assessment for use tax made by the Department in the amount of $9,691.

The taxpayer, Trans-Air Corporation, is a dealer in aircraft. It was assessed a use tax of $9,691 in connection with the acquisition and use of several airplanes, only one of which was new, the others, according to the taxpayer, being trade-ins from individuals. It is claimed by the Department of Revenue that these planes were not held in the taxpayer's inventory of goods for sale but were primarily used for rental or leasing and therefore did not come within the exception from the use tax which is allowed for property acquired by the taxpayer if, applying Illinois-Use Tax-Rule No. 3.2 (paraphrased) of the Department:

1. The owner of the property is normally engaged in the business of selling that kind of property at retail, and

2. The property is not held primarily for renting or leasing, but is carried in the inventory of goods for sale and is held primarily for sale, and

3. The leasing is done to prospective buyers for the purpose of allowing them to ascertain whether or not the property suits their particular needs, and

4. The leasing is done to prospective buyers for the purpose of trying to induce them to purchase the property being leased.

It is claimed by the Department that the taxpayer's accounts indicate the planes and parts for which the use tax is being assessed were carried in their capital account and were depreciated for income tax purposes, and thus were obviously not property held primarily for sale but were primarily held for rental for income producing purposes. Thus, the Department contends, the planes do not come within the exception under Rule 3.2 stated above and, failing that test, are subject to the tax. In this case, the taxpayer took depreciation on the planes and equipment in question which, the Department contends, indicates that the property was regarded by the taxpayer as either (1) used in the trade or business or (2) held for the production of income, since property held only as inventory for sale would not be subject to depreciation allowance.

However, as to the inconsistency of claiming depreciation on inventory held for sale, it was conceded by the Department's own

examiner, Wegner, that the taxpayer had an agreement with the Internal Revenue Service that if an aircraft was bought in the first six months of the year, it could be depreciated. Whether the property being assessed was purchased during the first or the last six months of the calendar year was not revealed by the testimony of either party.

The word "use" is defined in connection with the Use Tax Act by section 2 of the act (Ill. Rev. Stat. 1979, ch. 120, par. 439.2), as "the exercise by any person of any right or power over tangible personal property incident to the ownership of that property, except that it does not include the sale of such property in any form as tangible personal property in the regular course of business to the extent that such property is not first subjected to a use for which it was purchased, and does not include the use of such property by its owner for demonstration purposes: * * * ."

Additional definitions in section 2 of the act define " 'Purchase at retail' " as "the acquisition of the ownership of or title to tangible personal property through a sale at retail," and the word " 'Purchaser' " as "anyone who, through a sale at retail, acquires the ownership of tangible personal property for a valuable consideration." The phrase " 'Sale at retail' " is defined to mean "any transfer of the ownership of or title to tangible personal property to a purchaser, for the purpose of use, and not for the purpose of resale in any form as tangible personal property to the extent not first subjected to a use for which it was purchased, for a valuable consideration. * * * ."

These various definitions have been construed by the Department of Revenue in its "Illinois-Use Tax-Rules." Rule 1 states:

"DESCRIPTION OF THE TAX

The use tax is a privilege tax imposed on the privilege of using, in this State, any kind of tangible personal property that is purchased anywhere at retail from a retailer, as 'retailer' is defined in the Use Tax Act."

This is further amplified in Rule 3.2 in the following comment:

"The limitation that the purchase must be made at retail from a retailer for the use tax to apply also excludes, from the tax, the use of tangible personal property purchased from an isolated or occasional seller who is not engaged in the business of selling such tangible personal property."

It seems clear from the statutory definitions as applied by the Department of Revenue's Rules, that in order for the use tax to apply to the use of a particular piece of tangible personal property, that property must have been purchased at retail from a retailer. The taxpayer contends this requirement eliminates the use tax in connection with the property on which the tax in question is being assessed. That property, the taxpayer

contends, was either acquired by the taxpayer from Aviation Activities, which is an exclusive Cessna distributor, or as trade-ins from individuals. Aviation Activities, being an exclusive distributor for Cessna, is not allowed to sell generally at retail and, therefore, the taxpayer maintains, is not a "retailer." The trade-ins by individuals were, it is claimed, isolated sales by individuals and these too are exempted from the use tax since they are not sales at retail under the language excluding "[t]he isolated or occasional sale of tangible personal property at retail by a person who does not hold himself out as being engaged (or who does not habitually engage) in selling such tangible personal property at retail * * *." Ill. Rev. Stat. 1979, ch. 120, par. 439.2.

The tangible property in question, consisting of planes and equipment plus some educational material, has largely been sold subsequent to this tax controversy, and the Department does not dispute the taxpayer's assertion that the sales tax has been paid on such sales. The Department maintains, however, that the accounting procedures in connection with such property indicate that these planes and equipment were used for rental income purposes, not for demonstration purposes, and that this is confirmed by the accounting procedure employed, whereby the property was depreciated for income tax purposes. Therefore, the Department says, the property was subject to use tax during its use as leased or rented equipment.

The Department's theory of the case seems to be that the purchase and use of the property by the taxpayer being conceded, it is then the taxpayer's burden to establish that it comes within the exceptions to the use tax, specifically the exception that the property is not held primarily for rental or leasing but rather for sale, and that any leasing is incidental as an inducement to a prospective sale. Due to the accounting procedures used, the Department contends that the theory of the leasing being only incidental to sales promotion does not hold water and the taxpayer has not established that it comes within this exception.

In a very similar case, *Du Page Aviation Corp. v. Department of Revenue* (1976), 37 Ill. App. 3d 587, this court held that the taxpayer was not liable for the use tax. In that case, Du Page Aviation had held the planes and used them for some 18 months for leasing or rental purposes. All the planes had been purchased from distributors for resale, not from retailers for use. The Department assessed a use tax on all 10 planes which had been purchased and used in rental or leasing transactions, based primarily on the fact that the planes had been used as rental units for as long as 18 months before being sold. In the opinion of the examiner, this was too prolonged a use for the planes in question to be regarded as demonstrators or units used primarily in sales promotions and indicated that they were being held for rental income. This court in its opinion

noted that there was some evidence to indicate that at least three of the planes had been purchased specifically for resale and were held in a sales inventory account, but a careful reading of the opinion indicates that the reason for reversing the administrative finding in favor of the Department was that it did not establish that the sale was a sale at retail by a retailer. Therefore, the Department failed to show that the sales in question qualified as transactions subject to the use tax. While, therefore, it appears that there was more accounting evidence in the *Du Page Aviation* case on which to accept the theory that the planes, or at least some of them, were intended for resale, in both the *Du Page Aviation* case and the case before us there is a failure by the Department of Revenue either to establish that the seller of the planes to the taxpayer was a retailer or to establish that the planes were not being used as demonstrators primarily to induce eventual sales. It was not enough in the *Du Page Aviation* case to establish that the planes were in the taxpayer's possession for some 18 months, and in the case before us we think it is not enough for the Department to show that the taxpayer did not carry a separate sales inventory account for the planes in question—this did not prove either that the planes were purchased from a retailer or that they were not used primarily as demonstrators to induce sales, as contended by the taxpayer. We do not consider that the possibly questionable tax deduction for depreciation on these planes, taken by the taxpayer, proves anything either as to the source from which the planes were acquired or the use put to them afterward.

While it is true that a person claiming an exemption has the burden of proving that he is entitled to it (*Skil Corp. v. Korzen* (1965), 32 Ill. 2d 249; *Altier v. Korzen* (1969), 43 Ill. 2d 156), the Use Tax Act is clearly a complement to the Retailers' Occupation Sales Tax and provides that " 'If the seller of tangible personal property for use would not be taxable under the Retailers' Occupation Tax Act despite all elements of the sale occurring in Illinois, then the tax imposed by this Act shall not apply to the use of such tangible personal property in this State.' " (*Boye Needle Co. v. Department of Revenue* (1970), 45 Ill. 2d 484, 487.) It would appear, therefore, that it is necessary for the transaction in question to be a sale at retail by a retailer in order for the use tax to apply. (See *In re Application of County Collector* (1977), 48 Ill. App. 3d 572.) The State has not established that fact in this case. In *Boye Needle Co. v. Department of Revenue* (1970), 45 Ill. 2d 484, 486, the court said:

"The use tax 'is imposed upon the privilege of using in this State tangible personal property purchased at retail * * *.' (Ill. Rev. Stat. 1969, ch. 120, par. 439.3.)"

Since it appears that the retailer of the property in question—whether Aviation Activities, a licensed distributor for Cessna only, or individual

persons trading in used equipment—was not a retailer and would not be liable to pay the Retailers' Occupation Tax on the items in question, the use tax does not reach this property because it was not "purchased at retail." This is not a question of proving that the taxpayer is entitled to an exemption or exception under the act. The question is rather whether the property assessed comes within the Department's own definition of property subject to the use tax. Under section 3 of the Use Tax Act (Ill. Rev. Stat. 1979, ch. 120, par. 439.3), it does not appear to be taxable.

The judgment of the circuit court of Lake County is affirmed.

Judgment affirmed.

SEIDENFELD, P. J., and NASH, J., concur.