TELETYPE CORPORATION, Plaintiff-Appellee, *v.* THE DEPARTMENT OF REVENUE *et al.*, Defendants-Appellants.

First District (4th Division)    No. 79-1943

Opinion filed December 4, 1980.—Rehearing denied January 23, 1981

Tyrone C. Fahner, Attorney General, of Chicago (Patricia Rosen, Assistant Attorney General, of counsel), for appellants.

Daniel Nagle, of Chicago, for appellee.

Mr. JUSTICE JOHNSON delivered the opinion of the court:

This is an action seeking to enjoin the Department of Revenue from assessing and collecting $13,219.82 in use tax, penalties and interest from plaintiff, Teletype. Plaintiff paid the disputed tax under protest and sought a refund in the circuit court of Cook County. The case was submitted on stipulated facts, and on September 14, 1979, the trial court held that Teletype's use of photomasks was exempt from taxation under Rule 3(2) of the Illinois Retailers' Occupation Tax Rules and Regulations. Defendants have appealed from that judgment, and we reverse.

The issue presented for review is whether plaintiff's purchase of photomasks and the use of these photomasks in Illinois is taxable under the Use Tax Act. (Ill. Rev. Stat. 1977, ch. 120, par. 439.1 *et seq.*) Defendants assert the use is subject to tax.

On February 15, 1978, the Illinois Department of Revenue issued a notice of tax liability against plaintiff in the amount of $13,219.82. On February 28, 1978, Teletype paid the amount under protest, and on

March 13, 1978, it filed an action for an injunction seeking a declaration that its use of photomasks was exempt from taxation. Defendants answered the complaint and a stipulation of facts was executed by the parties. The stipulation explained in technical terms how photomasks were made and the use to which they were put.

On September 14, 1979, after reviewing the facts, the trial court entered an order declaring that plaintiff's use of photomasks in Illinois was exempt from taxation under Rule 3(2) of the Retailers' Occupation Tax Rules and Regulations. The court found that:

"[A] photomask * * * is an element of equipment used in a process of photography and computerization rather than tangible personal property * * * and that it has use or value only for the specific purpose for which it is produced and has use of [sic] value only to the purchaser."

Defendants made a motion for reconsideration of the decision, contending that plaintiff failed to meet the test for exemption set forth in Rule 3(2). This motion was denied on October 11, 1979.

On November 7, 1979, defendant appealed from both the judgment order entered on September 14 and the October 11 order denying their motion to reconsider the decision.

Defendants contend that the photomasks purchased by plaintiff were not exempt from taxation under Rule 3(2) of the Retailers' Occupation Tax Rules and Regulations. Rule 3(2) states in pertinent part:

"WHEN NOT LIABLE FOR RETAILERS' OCCUPATION TAX

The seller of a special machine, tool, die, jig, pattern, gauge or other similar item is engaged primarily in a service occupation, rather than in the business of selling tangible personal property, and so does not incur retailers' occupation tax liability with respect to the sale, if the following tests for exemption are all met in the transaction:

    (a) The purchaser employes [sic] the seller primarily for his engineering or other scientific skill to design and produce the property on special order for the purchaser and to meet the particular needs of the purchaser;

    (b) the property has use or value only for the specific purpose for which it is produced, and

    (c) the property has use or value only to the purchaser.

On the requirement of design by the seller, it is sufficient if the seller is responsible for making a substantial contribution to the designing of the property that is to be produced on special order and sold."

■■ It is well settled that exemptions from taxation are strictly construed

in favor of taxation, and a party that claims an exemption has the burden to prove he is entitled to the exemption. *Telco Leasing, Inc. v. Allphin* (1976), 63 Ill. 2d 305, 310, 347 N.E.2d 729, 731.

This court, in *McCoy Ford, Inc. v. Illinois Department of Revenue* (1978), 60 Ill. App. 3d 429, 432, 376 N.E.2d 1083, 1086, stated that Illinois courts strictly construe statutes granting tax exemptions, and in determining the exemption all facts are to be construed and all debatable questions resolved in favor of taxation.

With these principles in mind, we now analyze whether plaintiff was entitled to a tax exemption.

Defendants contend that to qualify for an exemption the taxpayer need not establish that the majority of the design or engineering was done by the seller; however, it must be shown that the seller did make a substantial contribution to the design of the product. See Rule 3(2), Illinois Retailers' Occupation Tax Rules and Regulations; *J. H. Walters & Co. v. Department of Revenue* (1969), 44 Ill. 2d 95, 254 N.E.2d 485.

Defendants cite *Velten & Pulver, Inc. v. Department of Revenue* (1963), 29 Ill. 2d 524, 194 N.E.2d 253. In *Velten*, plaintiff specialized in designing, fabricating and installing conveyor systems for the bakery industry. The plaintiff would dispatch a sales engineer to the potential customer for the purpose of studying the problems and making preliminary drawings. After the preliminary drawings were approved, detailed drawings of the equipment were made. Once the detailed drawings were approved, the manufacturing of the equipment was begun. The court stated:

> "No two systems are identical, and although the motors could possibly be reset for a different operation, the engineering work involved in coordinating this equipment would be applicable only to the installation for which it was planned." (*Velten*, at 530.)

In *Velten*, the court found that the seller's engineers made substantial contributions to the design of the equipment involved and, thus, the tax exemption was proper.

The facts in the instant case require careful scrutiny to determine whether the seller (photomask supplier) made a "substantial contribution" to the design of the property. The pertinent stipulated facts are as follows:

A photomask is an expendable photographic plate which is used in the manufacture of microelectronic integrated circuits. Teletype designs an integrated circuit which is transferred to computer readable magnetic tape. The magnetic tape is forwarded to a photomask supplier. The tape data is fed into a computer controlled pattern generator which produces the integrated circuit image, magnified ten times, on the "master reticle"

or master photomask. The master reticle is placed into a step and repeat camera which reduces the image ten times and projects it many times onto the actual photomask. This photomask is then sold to Teletype.

Plaintiff asserts that it does not design the photomask; it merely designs the integrated circuit which is transferred to computer readable magnetic tape. It contends that this design is distinct from the design of the photomask or the process of creating the photomask.

Defendants, however, state that according to the stipulated facts it was the taxpayer who was exclusively responsible for the original design of the photomasks and the supplier did not contribute any design or engineering skill.

We agree with defendants that from our reading of the facts Teletype designed the product. We can find no evidence in the record that the design was at all modified by the seller.

Defendants further contend that the sale of photomasks was the sale of goods with incidental services. They cite *J. H. Walters & Co. v. Department of Revenue* (1969), 44 Ill. 2d 95, 102, 254 N.E.2d 485, 490, as one of the cases that raised the question of goods versus services. The court stated:

> " '[T]he first question to be determined is whether the business sought to be taxed is selling personal property at retail, in which service is incidental, or selling services in which supplying materials or making retail sales is but incidental.' "

See *Prairie Tank & Construction Co. v. Department of Revenue* (1977), 49 Ill. App. 3d 291, 364 N.E.2d 963.

For us to determine whether the sale of photomasks was the sale of goods or services, we need to determine whether plaintiff taxpayer was principally interested in obtaining the property or in obtaining the skills of the photomask supplier.

Plaintiff contends that the photomask supplier has the expertise and skill required by the photomask user. But, since it has already been determined that the supplier did not substantially contribute to the design of the photomasks, the only possible service which the supplier performed would be in the manufacturing process.

We agree with defendants when they state that the manufacture of the photomasks did not constitute a "substantial contribution" of design or engineering skill. It is evident from the record that the process of manufacturing photomasks requires a high degree of technical skill, but there has been no demonstration that it involved the necessary engineering or scientific skill as set forth in Rule 3(2). It appears from the facts that the plaintiff was more interested in obtaining the photomasks, rather than the skill of the supplier.

■■ We find that the sale of photomasks was the sale of goods, and the use of them by the taxpayer was taxable under the Use Tax Act (Ill. Rev. Stat. 1977, ch. 120, par. 439.1 *et seq.*).

■■ Teletype also raises the contention that Rule 9 of the Illinois Retailers' Occupation Tax Rules and Regulations exempts photomasks from taxation as being "graphic arts." At trial, plaintiff argued for an exemption under Rule 9(3). The trial judge made no finding on that point, but, rather, based his decision on an exemption under Rule 3(2). However, since plaintiff has claimed an exemption under Rule 9(3), we will consider its argument on appeal.

Rule 9(3) states in pertinent part:

"PERSONS ENGAGED IN THE GRAPHIC ARTS—WHEN NOT LIABLE FOR TAX

A photographer who is employed to take a picture for his customer, or a person who is employed to do photofinishing work for his customer, or a photostater who is employed to reproduce material for his customer by the photostating process, or a printer who is employed to print material for his customer in accordance with copy supplied to the printer by the customer or otherwise in accordance with the customer's specifications and special order, or a person who otherwise engages primarily in the transaction in furnishing graphic arts' services is not engaged in such transaction in the business of selling tangible personal property within the meaning of the Act, if the item so produced does not serve substantially the same function as stock or standard items of tangible personal property that are sold at retail, but is engaged in such transaction primarily in a service occupation.

To the extent to which any such person engages in a service occupation, he is not liable for retailers' occupation tax on his receipts therefrom, including receipts from both labor and tangible personal property."

In reviewing plaintiff's argument, we find that it has failed to cite any cases supporting its position of exemption under Rule 9(3). Teletype states that the process of making a photomask is an advancement in the state of graphic arts and, therefore, it should be exempt from taxation. But, as defendants point out and the record discloses, Teletype has not shown that it is entitled to the exemption for that reason.

Courts have held that certain service occupations are exempt from retailers' occupation tax. Printers, photographers, commercial artists and similar professions are exempt. *Wallender-Dedman Co. v. Department of Revenue* (1959), 15 Ill. 2d 485, 489, 155 N.E.2d 574, 576.

Here, we must necessarily conclude that the sale of photomasks is not

considered the sale of services but the sale of goods, since Teletype was primarily interested in obtaining the goods themselves.

Finally, defendants assert that under Rule 9(3) the taxpayer can be exempt only "if the item so produced does not serve substantially the same function as stock or standard items of tangible personal property that are sold at retail * * *." Defendants contend that Teletype has not shown that the photomasks in this case are substantially different from standard photomasks. Although defendants concede that the design is unique and proprietary, they submit that these photomasks serve substantially the same function as standard photomasks. See *Spagat v. Mahin* (1971), 50 Ill. 2d 183, 277 N.E.2d 834.

In applying these standards in the instant case, it seems clear that the taxpayer is not exempt from taxation under Rule 9(3) as being "graphic arts."

For the forgoing reasons, the judgment of the circuit court is reversed.

Reversed.

LINN, P. J., and JIGANTI, J., concur.