Dear Chairman McPheron
¶ 0 The Attorney General has received your request for an official opinion asking, in effect:
Under the provisions of 85 O.S. 1.2(B) (1988), does anindividual who has been licensed to practice law in a sisterstate for more than five years, and who has been admitted topractice law in Oklahoma by virtue of reciprocity, qualify to beappointed a Judge of the Workers' Compensation Court, if thatindividual has been licensed to practice law in Oklahoma for lessthan five years?
¶ 1 The Legislature at 85 O.S. 1.2 (1988), created the Workers' Compensation Court, provided that the Court consist of nine judges, and established the qualifications for appointment to a judgeship on that Court. In subsection (B) of 85 O.S. 1.2,
the Legislature required that to be eligible to hold a judgeship on the Workers' Compensation Court, an individual must have been licensed to practice law in Oklahoma for not less than five years prior to appointment, that subsection providing in pertinent part:
 A judge of the Court shall have been licensed to practice law in this state for a period of not less than five (5) years prior to appointment.
(Emphasis added).
¶ 2 The question you pose is whether, in calculating if an individual has "been licensed to practice law in this state for a period of not less than five years prior to appointment," the time one has been licensed to practice in a sister state may be considered, when an attorney has been admitted to practice in this state by virtue of "reciprocity."
¶ 3 The Rules Governing Admission to the Practice of Law in the State of Oklahoma (5 O.S. (1988) Ch. 1, App. 5) establish the qualifications to be admitted to the practice of law in the State of Oklahoma at Rule 1, which provides:
To be admitted to the practice of law in the State of Oklahoma, the applicant:
 Section 1. shall have good moral character, due respect for the law, and fitness to practice law;
Section 2. shall be at least 18 years of age;
 Section 3. shall have met all the conditions and requirements hereinafter set forth which may be applicable;
 Section 4. shall take the following oath and file the same with the Clerk of the Supreme Court. . . .
Section 5. shall have signed the Roll of Attorneys.
¶ 4 The Rules Governing Admission provide for two methods of qualifying for admission:
1. Admission by examination, under Rule 4, and
 2. Admission upon motion without examination, under Rule 2.
¶ 5 Admission upon motion without examination, is often referred to as admission by virtue of "reciprocity," because admission upon motion is only possible when an attorney is from a "reciprocal state" — a state which grants Oklahoma judges and lawyers the right of admission upon motion without the requirement of taking an examination. Under the provisions of Rule 2, an attorney may be admitted by the Supreme Court "to the practice of law in the State of Oklahoma" without examination upon the recommendation and motion of the Board of Bar Examiners. Among those eligible for admission under Rule 2 are persons admitted to practice law in reciprocal states for at least five of the last seven years, Rule 2 providing in pertinent part that:
 The following persons . . . may be admitted by the Supreme Court to the practice of law in the State of Oklahoma upon the recommendation and motion of the Board, without examination:
. . . .
 Section 2. Persons who have been lawfully admitted to practice and engaged in the actual and continuous practice of law in a reciprocal state for at least five of the seven years immediately preceding application for admission under this Rule and who are graduates of an American Bar Association approved law school.
¶ 6 The requirements to be eligible for appointment to a judgeship on the Workers' Compensation Court include being licensed "to practice law in this state." Viewed in this context, the phrase "in this state" is used as a limitation on the license that will qualify one for appointment to the Workers' Compensation Court bench.
¶ 7 In construing the phrase "in the state" as a limit on the "license requirement," we note that in a similar context, the Illinois Supreme Court found the phrase "in the state" to act as a limitation. In Standard Oil Co. v. Department of Finance,48 N.E.2d 514, 517 (Ill. 1943), the Illinois Supreme Court interpreted an Illinois statute which taxed certain sales of property. Construing the phrase "sales of tangible property in the State," the Court concluded that the words "in the State" were used as a limitation on where such sales must occur. Then, noting that the phrase "in this State" had been removed when the act was amended, the Court found that:
 The omission of the words "in this State" in the amendatory act removes the limitation, as to location where the sales must occur.
¶ 8 Almost 40 years later, in the case of Edward Don Co. v.Zagel, 420 N.E. 2d 501, 504 (Ill.App. 1981), the Illinois Appellate Court noted that in Standard Oil, the Court had construed "in this State" to modify the antecedent sales, the Court stating:
 The court held the phrase "in this State" modifies its antecedent," sales." (Citation omitted.) The court thus actually applied the "last antecedent" doctrine to the statute then before it.
¶ 9 Like Illinois courts, the courts of this State have embraced the "last antecedent rule," as an aid in construing statutes. Baum v. Oklahoma City, 126 P.2d 249, 251 (Okla. 1942), and Board of Trustees of F. and P. Fund v. Templeton,86 P.2d 1000, 1003-1004 (Okla. 1939). In the case at hand, the limiting phrase "in this state" can refer but to one antecedent, the phrase "licensed to practice law." Construed in this manner, the statutory requirement is that to be eligible for appointment to the Workers' Compensation Court, an applicant must, for a period of not less than five years prior to appointment, be licensed to practice law in Oklahoma.
¶ 10 As we have seen, under the Rules Governing Admission to the Practice of Law in the State of Oklahoma, an individual must meet all five basic requirements to be licensed to practice law in Oklahoma, and one is not deemed to be admitted until the oath is taken and the Roll of Attorney is signed.
¶ 11 This being the case, the practice of law in a sister state may not be considered in determining whether one meets the "license requirement" necessary to appointment to the Workers' Compensation Court.
¶ 12 It is, therefore, the official opinion of the AttorneyGeneral that the number of years an applicant has been licensedto practice law in a sister state, may not be considered indetermining whether an applicant for an appointment to theWorkers' Compensation Court has met the statutory qualificationprescribed at 85 O.S. 1.2(B) (1988), which requires that ajudge of that court "shall have been licensed to practice law inthis State for a period of not less than five (5) years prior toappointment."
ROBERT H. HENRY ATTORNEY GENERAL OF OKLAHOMA
NEAL LEADER ASSISTANT ATTORNEY GENERAL CHIEF, CIVIL DIVISION